Michael E. Rosman (NY Bar. No.  1972215, D.C. Bar No. 454002)
rosman@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave. NW, Suite 625
Washington D.C. 20036
(202) 833-8400

Attorney for John Doe 1 (Chetsford)

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

-----------------------------------------------------------------x

| | | |
|---|---|---|
| J.A. CASTRO, | : | Case No. 3:23-mc-80198-TSH |
| Plaintiff, | : | |
| | : | OPPOSITION TO MOTION |
| v. | : | TO COMPEL |
| | | |
| JOHN DOE 1 (a.k.a. "CHETSFORD"), JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4, | : | Date: |
| | | Time: |
| | : | Courtroom: |
| Defendants, | | Judge:  The Hon. Thomas S. Hixson |
| | : | |

-----------------------------------------------------------------x

**OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES OF
JOHN DOE 1 ("Chetsford")**

## Table of Contents

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Introduction   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.      THE WIKIMEDIA SUBPOENA IS PREMATURE . . . . . . . . . . . . . . . . . . . . . . 6

    II.     CASTRO HAS NOT TRIED TO MEET, AND CANNOT MEET, THE
           REQUIREMENTS FOR DISCOVERY OF THE IDENTITIES OF
           ANONYMOUS SPEAKERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          A.     The Texas Federal Court Lacks Subject Matter Jurisdiction . . . . . . . . . 10

          B.     The Allegations Of Defamation Are Weak . . . . . . . . . . . . . . . . . . . . . . . 13

          C.     The Balance Weighs In Chetsford's Favor . . . . . . . . . . . . . . . . . . . . . . . 15

    III.    THE WIKIMEDIA SUBPOENA IS DEFECTIVE . . . . . . . . . . . . . . . . . . . . . . 16

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Table of Authorities

Cases

*Allen v. Currier*, 2023 U.S. Dist. LEXIS 27900 (S.D. Cal. Feb. 17, 2023) . . . . . . . . . . . . . . . . . 7

*Art of Living Foundation v. Does 1-10*, 2011 U.S. Dist. LEXIS 129836 (N.D. Cal. Nov. 9, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15

*Asay v. Hallmark Cards, Inc.*, 594 F.2d 692 (8th Cir.1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Beamer v. Bd. of Crawford Township Trustees*, 2010 U.S. Dist. LEXIS 4440 (S.D. Ohio Jan. 20, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Blossoms & Blooms, Inc. v. Doe*, 2022 U.S. Dist. LEXIS 136226 (E.D. Pa. July 29, 2022) . 8, 12

*Castro v. Berg*, 2019 U.S. Dist. LEXIS 34362 (N.D. Tex. March 5, 2019) . . . . . . . . . . . . . . . . 2

*Castro v. Gudorf*, 2018 U.S. Dist. LEXIS 164380 (S.D. Ohio Sept. 25, 2018) . . . . . . . . . . . . . 2

*Castro v. United States*, 2023 U.S. Dist. LEXIS 99220 (N.D. Tex. March 29, 2023), *findings accepted and adopted*, 2023 U.S. Dist. LEXIS 98023 (N.D. Tex. June 6, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702 (N.D. Tex. 2017) . . . . . . . . . . . . . . . . . . . . . . . 16

*Doe No. 1 v. Burke*, 91 A.3d 1031 (D.C. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

*Granada Biosciences v. Barrett*, 958 S.W.2d 215 (Tex. App.– Amarillo 1997) . . . . . . . . . . . . 14

*Henderson v. Times Mirror Co.*, 669 F. Supp. 356 (D. Colo. 1987) . . . . . . . . . . . . . . . . . . . . . 15

*Highfields Capital Management v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005) . . . . . . . . . . . . 9

*In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868 (N.D. Cal. 2022) . 8, 9,16

*Jones v. Mirza*, 2016 U.S. Dist. LEXIS 103793 (D. Del. Aug. 8, 2016) . . . . . . . . . . . . . . . . . . 7

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Kechara House Buddhist Ass'n Malay. v. Doe*, 2015 U.S. Dist. LEXIS 126124 (N.D. Cal. Sept. 18, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

*Kilgore v. Providence Place Mall*, 2016 U.S. Dist LEXIS 71315 (D.R.I. April 1, 2016) . . . . . 11

*McIntyre v. Ohio Elections Commission*, 514 U.S. 334 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McMann v. Doe*, 460 F. Supp. 2d 259 (D. Mass. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Meng v. Schwartz*, 305 F. Supp. 2d 49 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Perkins v Welch*, 57 S.W.2d 914 (Tex. Civ. App. – San Antonio 1933) . . . . . . . . . . . . . . . . . . 14

*Preferred Packaging Equip., Inc. v. Frain Industries*, 2012 U.S. Dist. LEXIS 182276 (S.D. Fla. Dec. 26, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sandoval v. Doe*, 591 F. Supp. 3d 7 (E.D.N.C. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11, 13

*Schumacher v. Capital Advance Solutions, LLC*, 2021 U.S. Dist. LEXIS 21310 (S.D. Tex. Feb. 4, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128 (D.D.C. 2009) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Smith v. Commissioner*, 159 T.C. No. 3, 2022 U.S. Tax Ct. LEXIS 163 (U.S.T.C. Aug. 25, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Stephens v. Halliburton Co.*, 2003 U.S. Dist LEXIS 15739 (N.D. Tex. Sept. 5, 2003) . . . . 12, 13

*Subaru of America, Inc. v. HTMC, LLC*, 2018 U.S. Dist. LEXIS 224023 (C.D. Cal. Nov. 9, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Tan v. Doe*, 2014 U.S. Dist LEXIS 61972 (S.D.N.Y. May 1, 2014) . . . . . . . . . . . . . . . . . . . 4, 12

*Vogel v. Go Daddy Group, Inc.*, 266 F. Supp. 3d 234 (D.D.C. 2017) . . . . . . . . . . . . . . . . . 11, 12

*Williams v. Anti-Defamation League of B'nai B'rith*, 185 F.2d 1005 (D.C. Cir. 1950) . . . . . . . 15

Constitutional Provisions, Statutes, and Rules

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

28 U.S.C. § 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

California Code of Civil Procedure § 1985.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendments . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 26(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Fed. R. Civ. P. 26(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 45(c)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Fed. R. Civ. P. 45(d)(3)(A)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S. Const. amend. I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 8-10

John Doe 1, aka Chetsford, submits this memorandum of law in opposition to J.A. Castro's motion ("Mot.") to enforce a subpoena against Wikimedia Foundation Inc. and its counsel of record.[1]

## Introduction

This is a miscellaneous action by J.A. Castro ("Castro") seeking an order compelling Wikimedia Foundation, Inc. ("Wikimedia") to comply with a subpoena.  Although the notice of motion and motion to compel claims that it is made "pursuant to Federal Rules of Civil Procedure 37 and 45," Rule 37 does not address subpoenas to produce documents.  The specific provision in Rule 45 is Fed. R. Civ. P. 45(d)(2)(B)(i).  The motion seeks an order "to compel [Wikimedia] to respond to the subpoena to produce documents, information, or objects that was served on we can media foundation Inc. [sic] on June 28, 2023, as part of the litigation styled *J.A. Castro v. John Doe 1, John Doe 2, John Doe 3 and John Doe 4*, which is currently pending in the United State District Court for the Northern District of Texas, Case No. 4:23-cv-613-P" (Mot. at 1).  Castro did not attach the subpoena in question to his motion.

Castro is a declared and FEC-registered candidate for the Republican nomination for President of the United States. *See* Appellant's Opening Brief filed July 14, 2023 in *Castro v. Trump*, Eleventh Circuit Appeal No. 23-12111 (Declaration of Benjamin Kleine ("Kleine Decl.")

---

[1]    Chetsford appears here by counsel, as anonymous defendants not infrequently do in similar circumstances. *E.g.*, *Art of Living Foundation v. Does 1-10*, 2011 U.S. Dist. LEXIS 129836, at *4 (N.D. Cal. Nov. 9, 2011); *Sandoval v. Doe*, 591 F. Supp. 3d 7, 9 (E.D.N.C. 2022). As described herein, the subpoena at issue in this miscellaneous action implicated Chetsford's right to anonymous speech under the First Amendment.  Accordingly, he has standing to object. *Cf.* Mot. 3 (arguing that Wikimedia cannot assert free speech or privacy defenses, but rather that "Defendant Chetsford must assert these defenses in a miscellaneous action").

Ex. P, at 3-4.

Castro is an International Tax Attorney (Kleine Decl. Ex. A (¶ 13)), and his work as such has received quite some attention, not all of it favorable.  For example, he prepared tax returns for U.S. citizens working in Australia claiming an election (to avoid paying U.S. taxes on income earned in Australia) that they had previously waived under a binding agreement with the I.R.S.  These returns were ultimately rejected and the taxpayers required to pay U.S. tax.  *Smith v. Commissioner*, 159 T.C. No. 3, 2022 U.S. Tax Ct. LEXIS 163, at *21 n.20 (U.S.T.C. Aug. 25, 2022). As a consequence of this rejection, a tax professor at Texas Tech University School of Law gave Castro his "Norm Peterson" award (named after the accountant character on the TV show "Cheers") for a tax position "so crazy it could only have come from Norm."  *See* https://taxprof.typepad.com/taxprof_blog/2022/12/lesson-from-the-tax-court-taxpayers-behaving-badly-2022.html.

A full litany of Castro's litigation efforts would unduly lengthen this memorandum.[2]  Of some relevance here, Castro sued the United States because "a criminal investigative agent of the Internal Revenue Service . . . told certain individuals that Castro was the subject of an IRS investigation."  *Castro v. United States*, 2023 U.S. Dist. LEXIS 99220, at *1 (N.D. Tex. March 29, 2023), *findings accepted and adopted*, 2023 U.S. Dist. LEXIS 98023 (N.D. Tex. June 6, 2023).  (The Government's motion for summary judgment was granted in this case.)

---

[2]     *E.g.*, *Castro v. Berg*, 2019 U.S. Dist. LEXIS 34362, at *2 (N.D. Tex. March 5, 2019) (in lawsuit alleging defamation based on, *inter alia*, statements that Castro was not a lawyer, "[d]efendants point out that Castro is not actually licensed to practice law, a fact which Castro does not dispute in his Response."); *Castro v. Gudorf*, 2018 U.S. Dist. LEXIS 164380, at *1 (S.D. Ohio Sept. 25, 2018) (dismissing case for want of prosecution).

Procedural History

Castro commenced an action in the Northern District of Texas on June 16, 2023 by filing a complaint ("Complaint" or "Compl."). Kleine Decl. Ex. A. Although labeled a "Verified Complaint," no verification appears in the document. It asserts that Castro brings the action against "the as-yet to-be-identified 'John Does' who published immensely damaging and defamatory statements against Plaintiff through Wikipedia using a paid Administrator named 'Chetsford,'" identified in the Complaint as John Doe 1. Compl. ¶ 1. Paragraph 6[3] states that the Texas federal court "has diversity jurisdiction over the[] claims under 28 U.S.C. § 1332(a)" because the matter in controversy exceeds $75,000 and "*depending on the identity of John Does . . . the controversy is between individuals that are citizens of different jurisdictions.*" Compl. ¶ 6 (emphasis added). Paragraphs 8-9, 10A-11A[4] allege, "on information and belief," that each of the four Doe defendants is an individual "who is not a resident of . . . Texas." The civil cover sheet lists Chetford's "county of residence" as "unknown."

The Complaint alleges that John Does 3 and 4 hired Chetsford to create a Wikipedia page for Plaintiff for the sole purpose of defaming him. Compl. ¶ 10B.[5] It then alleges:

---

[3]     Paragraph 6 is the fourth paragraph of the "Verified Complaint." There are no paragraphs numbered "4" or "5."

[4]     The Complaint has two paragraphs numbered "10," two numbered "11," and two for each number between 20 and 27 (inclusive). This memorandum uses "A" (*e.g.*, "10A") to refer to the first paragraph with a duplicated number and "B" to refer to the second.

[5]     Although Paragraph 10B of the Complaint states that John Does 3 and 4 hired Chetsworth, the Prayer for Relief on page 6 of the Complaint alleges that it was John Doe 2. Compl. at 6 (ad damnum ¶ A).

> The false information including, but was not limited to, statements that Plaintiff was under federal indictment, which is verifiably false, that Plaintiff was a 'sleazy' tax attorney, and that Plaintiff never served in the United States military, which is verifiably false since Plaintiff has a DD-214 with an Honorable Discharge from the United States Army and is legally classified as a Veteran despite the fact that Plaintiff does not identify as a veteran since his wartime service was while attending the United States Military Academy Preparatory School, which is now located at West Point.

Compl. at 2-3 (¶ 11B).

The Complaint further alleges that John Doe 2 fabricated a document from the State of Florida that warns Plaintiff not to identify as an International Tax Attorney.  (It is unclear how this "fabrication" allegation relates to the defamation claims since the Complaint does not allege any statement connected with it.)  It claims that John Doe 2 is also a tax attorney and thus a competitor of Plaintiff.  Compl. ¶¶ 12, 14.  Castro alleges that he holds two law degrees, including a Masters of Law (LL.M. ) in Taxation from Georgetown Law.  Compl. ¶ 13.[6]  The Complaint also asserts that defendants published false and defamatory statements repeatedly over a substantial period of time and acted with actual malice and malicious bad faith.  Compl. ¶¶ 16, 18, 26A, 23B-24B.  Castro further claims that he is not "a public figure or person who has drawn substantial public attention due to notoriety," and that he "has only received minimal public attention from a few obscure media outlets."  Compl.  ¶ 22A.

The Complaint alleges that Castro is entitled to "not less than $180,000,000.00 for (1) lost profits; (2) lost enterprise value, and (3) punitive damages."  Compl. 6 (ad damnum ¶ C).

---

[6]    Because Castro graduated from law school, he is not entitled to the special latitude traditionally afforded *pro se* litigants.  *E.g.*, *Tan v. Doe*, 2014 U.S. Dist LEXIS 61972, at *2 n.1 (S.D.N.Y. May 1, 2014).  *See also* Appellant's Opening Brief filed July 14, 2023 in *Castro v. Trump*, Eleventh Circuit Appeal No. 23-12111 (Kleine Decl. Ex. P), at i (Castro representing that he is "skilled in the art of respectful and intellectual oratory argumentation.").

On the same day as the Complaint was filed, Castro requested substituted service on defendants by posting notice of the lawsuit on Wikipedia.  N.D. Tex. Case No. 4:23-cv-00613-P-BJ, Doc. 2.  The Texas federal court denied that motion on June 26, 2023, holding that substituted service was "inconsistent with Due Process."  *Id.*, Doc. 8.

The clerk in the Northern District of Texas issued a subpoena for Wikimedia Foundation, Inc. dated June 20, 2023 (the "Wikimedia subpoena").  Kleine Decl. Ex. B.  It called for Wikimedia to produce

> [a] list of all internet protocol addresses used by Wikipedia Administrator 'Chetsford' to access his Wikipedia account over the past 12 months.  Not a list of all logins; just the IP address(es). This could be a single IP.  It does not take more than 5 minutes to pull and review this data.

It demanded that Wikimedia produce the list "[e]lectronically" to Castro's email address or by mail to an address in Mansfield, Texas.  The Wikimedia subpoena was apparently served on June 28, 2023. Mot. 1.  It called for production two days later, on June 30.  Kleine Decl. Ex. B.  *Cf.* Fed. R. Civ. P. 45(d)(3)(A)(i) (requiring courts to quash subpoenas that fail to permit a reasonable time for compliance).  Wikimedia served objections on Castro on July 12, 2023 (Kleine Decl. Ex. C), asserting (*inter alia*) that the information sought was protected information under the U.S. and California Constitutions and that Castro had not complied with California Code of Civil Procedure § 1985.3.

Castro filed the instant miscellaneous action on July 31, 2023. His notice of motion and motion makes various claims outside the allegations of the Complaint and without any identified evidentiary basis.  For example, Castro's motion asserts that Chetsford published defamatory statements against Castro "in retaliation for Castro having initiated a civil action against former

President Donald J. Trump to challenge his eligibility to hold public office in the United States

. . ."  Mot. 2.  (Castro also asserts that Chetsford agreed to provide an affidavit that he was

neither paid by nor coordinated with Donald Trump or any third party.  Mot. 4.)  The motion

also makes reference to various statements by "Counsel for Defendant Chetsford" but provides

no evidentiary basis for them.  Mot. 2-3.  Castro also "certifie[d] that he has . . . conferred with

Defendant Chetsford . . ." despite his inability to identify Chetsford.  Mot. 3.

<u>Argument</u>

Castro's motion should be denied.  First, the Wikimedia subpoena is premature, the

Texas federal court not having authorized any discovery.  Second, anonymous speech is entitled

to protection under the First Amendment, and Castro has not met the burdens required to

overcome that protection.  Third, the subpoena is defective.

I.      THE WIKIMEDIA SUBPOENA IS PREMATURE

As relevant here, Fed. R. Civ. P. 26(d)(1) states that "a party may not seek discovery

*from any source* before the parties have conferred as required by Rule 26(f), except . . . when

authorized by these rules, by stipulation, or by court order" (emphasis added).  Seeking

information from Wikimedia is a form of discovery.  No conference has been held pursuant to

Rule 26(f) since Castro cannot identify, and has not served, the defendants.  Prior to the service

of the Wikimedia subpoena, Castro had not even requested, and the Texas federal court had not

issued, an order permitting early discovery.  (Nor, from the docket, has Castro sought one since.

Kleine Decl. Ex. O.)  *E.g.*, *Allen v. Currier*, 2023 U.S. Dist. LEXIS 27900, at *8 n.7 (S.D. Cal.

Feb. 17, 2023) ("Moreover, as this case has not yet proceeded past the pleading stage, discovery

is premature. *See* Fed. R. Civ. P. 26(d)(1)."); *Jones v. Mirza*, 2016 U.S. Dist. LEXIS 103793, at *10 (D. Del. Aug. 8, 2016) (quashing all subpoenas and staying discovery; "Under Fed. R. Civ. P. 26(d)(1), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."); *Preferred Packaging Equip., Inc. v. Frain Industries*, 2012 U.S. Dist. LEXIS 182276, at *1 (S.D. Fla. Dec. 26, 2012) ("Plaintiff has conceded it should not have served early discovery on the Defendant in violation of Federal Rule of Civil Procedure 26(d)(1). Therefore, the Court will strike those discovery requests."); *Beamer v. Bd. of Crawford Township Trustees*, 2010 U.S. Dist. LEXIS 4440, at *16 (S.D. Ohio Jan. 20, 2010) (denying request for discovery pursuant to Rule 26(d)(1)).

Moreover, even if Castro had moved for an order pursuant to Rule 26(d)(1), the motion should have been denied. Early discovery is the exception, not the rule. *E.g.*, *Kechara House Buddhist Ass'n Malay. v. Doe*, 2015 U.S. Dist. LEXIS 126124, at *6 (N.D. Cal. Sept. 18, 2015) ("Generally, discovery proceedings take place only after the defendant has been served, and after parties have held the discovery conference required by Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). Exceptions to this rule are rare, but Rule 26(d)(1) gives courts discretion to allow early discovery.") (cleaned up).

As noted below (*see* Part II.A, *infra*), the Texas federal court has no subject matter jurisdiction, and Castro cannot seek early discovery hoping to unearth evidence that it does. *E.g.*, *Sandoval v. Doe*, 591 F. Supp. 3d 7, 11 (E.D.N.C. 2022) (denying motion for leave to conduct early discovery seeking the identities of the defendants in case alleging defamation *per se* under New York law; "pre-service discovery is not permitted in a case such as this, where the Court's subject matter jurisdiction arises only under § 1332"); *McMann v. Doe*, 460 F. Supp. 2d

259, 265 (D. Mass. 2006) (denying motion for leave to serve subpoenas on internet companies in an effort to seek identity of defendant alleged to have defamed plaintiff and committed other common-law torts because, *inter alia*, the court has no subject matter jurisdiction in the absence of a known defendant).

Similarly, where, as here, a plaintiff cannot meet the requirements of showing support for the underlying claims, early discovery seeking to uncover identity should be denied.  *Blossoms & Blooms, Inc. v. Doe*, 2022 U.S. Dist. LEXIS 136226, at *11 (E.D. Pa. July 29, 2022) (denying motion for leave to serve a third-party subpoena to uncover anonymous defendant's identity prior to the Rule 26(f) conference in case alleging defamation because plaintiff had not made out a prima facie case).

II.    CASTRO HAS NOT TRIED TO MEET, AND CANNOT MEET, THE REQUIREMENTS FOR DISCOVERY OF THE IDENTITIES OF ANONYMOUS SPEAKERS

Anonymous speech is protected by the First Amendment. *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 875 (N.D. Cal. 2022) ("'[A]n author's decision to remain anonymous, like other decisions concerning omissions or additions to the contents of a publication, is an aspect of the freedom of speech protected by the First Amendment.'") (quoting *McIntyre v. Ohio Elections Commission*, 514 U.S. 334, 342 (1995)).  *See also Kechara House*, 2015 U.S. Dist. LEXIS 126124, at *6-7.  Accordingly, when a claim is based upon speech similar to the speech at issue here, courts in this jurisdiction have identified a test, derived from *Highfields Capital Management v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005), for assessing the propriety of discovery that would disclose the identity of an anonymous speaker.  As relevant here, the test has two basic parts.  First, the movant must submit evidence demonstrating a prima

facie case – in this case a prima facie case of defamation.  Under this part of the test, plaintiff must produce competent evidence to support the claim.  *Kechara House*, 2015 U.S. Dist. LEXIS 126124 at *8-9 ("Under the *Highfields* standard, a plaintiff must adduce *competent evidence* – and the evidence plaintiff adduces must address *all* of the inferences of fact that plaintiff would need to prove in order to prevail under at least one of the causes of action plaintiff asserts") (internal quotation marks omitted).  Second, the Court must balance the interests of the movant with the First Amendment interests of the defendant.  *Id.* at *9; *In re DMCA Subpoena*, 608 F. Supp. 3d at 876 ("when adjudicating a subpoena . . . a court should . . . require the party seeking disclosure to make a prima facie showing on the merits of their claim [and] balance the equities, weighing the potential harm to the party seeking disclosure against the speaker's interest in anonymity, in light of the strength of the underlying claim.").

Here, Castro's motion fails off the bat.  His scanty motion provides very little argument and no competent evidence at all.  For that reason alone, his motion should be denied.  *Kechara House*, 2015 U.S. Dist. LEXIS 126124, at *11-12 (denying plaintiff's motion for discovery to disclose identity of defamation defendants because "[p]laintiff has not shown a 'real evidentiary basis' for its defamation claim against the Doe Defendants. It submits no evidence whatsoever to support its claims, instead relying solely on the allegations in the amended complaint.").

Moreover, Castro *cannot* produce evidence sufficient to establish a prima facie case, much less evidence that outweighs Chetsford's First Amendment interests.  First, it is plain that the Texas federal court has no subject matter jurisdiction, an essential part of any case in federal court.  Second, even if it did, his claim for defamation, considering only the allegations and available public information, is exceedingly weak and is outweighed by Chetworth's First

Amendment interests.

A.      The Texas Federal Court Lacks Subject Matter Jurisdiction

Because an essential part of any suit in federal court is subject matter jurisdiction, a party

seeking disclosure of information relating to an anonymous defendant's identity must

demonstrate with competent evidence that the federal court has subject matter jurisdiction. *E.g.*,

*Sinclair v. TubeSockTedD*, 596 F. Supp. 2d 128, 132 (D.D.C. 2009) (denying motion to compel

information related to identifying defendants in case alleging defamation and reckless

misrepresentation because plaintiff must make a prima facie case, and "it is obvious that . . . the

Court has no subject matter jurisdiction" because "the citizenship of the defendants – all

anonymous 'Does' – is not known.").  Castro's complaint alleges diversity jurisdiction based on

"information and belief" allegations that the defendants are not Texas residents.  But he has

supplied no competent evidence to support those allegations.  That is hardly surprising since

defendants are all anonymous.

Even ignoring the absence of competent evidence, and considering the allegations alone,

they are inadequate.  Generally, with exceptions inapplicable here, John Doe defendants are not

permitted in federal diversity suits.  *E.g.*, *Sinclair*, 596 F. Supp. 2d at 132 (holding that the Court

lacked subject matter jurisdiction in case alleging defamation and reckless misrepresentation

against three anonymous defendants and rejecting plaintiff's argument that discovery will

establish that defendants are citizens of other states; "The law is clear . . . that a diversity action

cannot be brought against Doe defendants in hopes of later discovering that the requisite

diversity of citizenship actually exists."); *Sandoval*, 591 F. Supp. 3d at 11 (quoting *Sinclair*);

*Vogel v. Go Daddy Group, Inc.*, 266 F. Supp. 3d 234, 238 (D.D.C. 2017) ("A suit invoking a

federal court's diversity jurisdiction cannot be brought solely against Doe defendants because their place of citizenship is not known"); *Kilgore v. Providence Place Mall*, 2016 U.S. Dist LEXIS 71315, at *6 (D.R.I. April 1, 2016) (rejecting diversity jurisdiction where only defendant is an unknown party).

Even if a plaintiff could plausibly allege the citizenship of anonymous defendants generally, Castro has not done so here.  First, the Complaint only asserts that Castro's "place of residency" is in Texas and defendants are not residents of Texas (Compl. ¶¶ 7-9, 10A-11A); subject matter jurisdiction under Section 1332 requires diverse *citizenship*, not residency.  *E.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (rejecting subject matter jurisdiction where both complaint and notice of removal only alleged that plaintiffs were "residents" of California; "[t]he natural person's state citizenship is then determined by her state of domicile, not her state of residence."); *Subaru of America, Inc. v. HTMC, LLC*, 2018 U.S. Dist. LEXIS 224023, at *9 (C.D. Cal. Nov. 9, 2018) (finding allegations on "information and belief" that Doe defendants resided in southern California insufficient to allege properly subject matter jurisdiction; "But diversity requires citizenship in different states, not just residence, and the two terms are not legal equivalents.").

Even if the Complaint contained allegations of citizenship, conclusory allegations based on "information and belief" are insufficient.  A complaint in federal court must assert a plausible basis for its conclusions.  Detailed allegations are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  So, too, with allegations of subject matter jurisdiction and the citizenship

of anonymous defendants. *Vogel*, 266 F. Supp. 3d at 240 ("In order to establish each Doe

Defendant's place of citizenship, Plaintiff must provide plausible factual allegations concerning

not only each Doe Defendant's presence in a particular state, but also his or her intent to remain

there."); *Tan v. Doe*, 2014 U.S. Dist. LEXIS 61972, at *9 (S.D.N.Y. May 1, 2019) (concluding

that diversity jurisdiction not adequately alleged because the complaint "does not contain any

allegations that would allow the Court to plausibly infer that the John Doe Defendant is, unlike

Plaintiffs, not a resident of the state of New York.").  Almost by definition, an allegation of

citizenship for an anonymous defendant is likely to be implausible.  *Cf. Blossoms & Blooms, Inc.

v. Doe*, 2022 U.S. Dist. LEXIS 136226, at *4 n.1 ("The Court finds it curious that Plaintiffs

appear to have sufficient information to allege [defendant]  lives outside of the Commonwealth

of Pennsylvania but claim they are unable to determine [defendant's] true identity.").

Moreover, even "information and belief" allegations must still have some factual basis.

Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendments ("Tolerance of factual

contentions in initial pleadings by plaintiffs or defendants when specifically identified as made

on information and belief . . . is not a license to join parties, make claims, or present defenses

without any factual basis or justification.").   Accordingly, courts have repeatedly rejected

allegations of citizenship made on information and belief when the plaintiffs are suing

anonymous defendants.  *E.g.*, *Stephens v. Halliburton Co.*, 2003 U.S. Dist LEXIS 15739, at *18

(N.D. Tex. Sept. 5, 2003) (holding that court lacks subject matter jurisdiction and that allegation

"on information and belief" that the "John Doe defendants are not domiciled in any state as any

Plaintiff . . . are simply insufficient to establish diversity of citizenship.  This is nothing more

than an attempt to establish diversity jurisdiction by default . . .").

Finally, although 28 U.S.C. § 1441 permits courts to ignore the citizenship of John Doe defendants when identified defendants remove cases to federal court, the same rule does not apply when plaintiffs invoke federal jurisdiction under Section 1332.  *E.g.*, *Stephens*, 2003 U.S. Dist LEXIS 15739, at \*21-22; *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55-56 (D.D.C. 2004); *Sandoval*, 591 F. Supp. 3d at 10 (noting that there is an exception to the rule that John Doe defendants are not permitted in federal diversity suits for removal cases, but that the exception was inapplicable because the case had not been removed from state court).  Indeed, it would make no sense to ignore the citizenship of the anonymous defendants here because *all* of the defendants are anonymous.

B.     The Allegations Of Defamation Are Weak[7]

Again, Castro has submitted no competent evidence to support his claims of defamation. He has submitted no evidence that the alleged statements were even *made*, much less that they were untrue and defamatory.

Moreover, the allegations of defamatory statements are themselves remarkably vague. Federal courts favor a verbatim presentation of the alleged libel when possible.  *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 699 (8th Cir.1979) ("Nevertheless, the use of *in haec verba* pleadings on defamation charges is favored in the federal courts because generally knowledge of the exact language used is necessary to form responsive pleadings.").  Texas courts also prefer that defamatory words be set forth verbatim in a complaint for libel.  *See Perkins v Welch*, 57 S.W.2d 914, 915 (Tex. Civ. App. – San Antonio 1933); *Granada Biosciences v. Barrett*, 958

---

[7]     In the interest of conserving space and avoiding duplication, Chetsford adopts Wikimedia's arguments on the question of whether Castro has adequately alleged defamation.

S.W.2d 215, 222 (Tex. App.– Amarillo 1997).  The Complaint does not do this.  The only

alleged defamatory things attributed to Chetsford are contained in Paragraph 11B of the

Complaint.  That paragraph does not say when those statements were first made in the Wikipedia

article about Castro (and thus whether Castro's suit is timely) or how long they remained in the

article.  Moreover, as set forth in the Introduction, Mr. Castro already has been criticized by

others, and he has himself acknowledged various proceedings against him.  So the Court should

look at his claim of more than $180 million in damages with a jaundiced eye.

 The allegation that Chetsford wrote that Castro was "under federal indictment" is not

substantially different from Castro's own contention in his lawsuit against the United States that

the IRS investigated him for possible crimes.  (As noted in the Introduction, Castro sued the

United States for disclosure of that investigation.)  In neither case is the individual deemed guilty

of any crime, and it is unlikely that Castro's reputation suffered greatly from any difference

between the two.  Moreover, the similarity between the two, and the technical difference

between them, makes it unlikely that Castro can adequately allege "actual malice."  *E.g.*, *Doe*

*No. 1 v. Burke*, 91 A.3d 1031, 1045 (D.C. 2014) ("[Anonymous Wikipedia editor's] edits do not

suggest knowledge of falsity or reckless disregard for whether or not the statement was false. If

anything, the edits seem to suggest confusion [between civil and criminal litigation] or honest

mistake on [editor's] part.").

 The allegation that Chetsford wrote that Castro was a "sleazy" tax attorney is not a

factual assertion that can be identified as true or false, and accordingly, cannot be the basis for a

defamation claim.  *E.g.*, *Henderson v. Times Mirror Co.*, 669 F. Supp. 356, 359-60 (D. Colo.

1987) (holding that statement that sports agent was a "sleaze bag agent" who "slimed up from

the bayou" was not defamatory as a matter of law because the meaning was so imprecise and not

capable of proof or disproof).

The allegation that Chetsford wrote that Castro was not in the military is equally non-

actionable.  It is not defamatory at all.  *E.g.*, *Williams v. Anti-Defamation League of B'nai B'rith*,

185 F.2d 1005, 1007 (D.C. Cir. 1950) (affirming judgment dismissing libel claim; "A record of

military service is, of course, an honor and a credit, but it is no libel to say a man lacks it.  Many

worthy citizens are without military honors.").  This seems particularly salient here since Castro

"does not identify as a veteran."  Compl. ¶ 11B.

C.      The Balance Weighs In Chetsford's Favor

Finally, the balance of competing interests weighs in Chetworth's favor.  "[T]he

disclosure of [Chetworth's] identity is itself an irreparable harm."  *Art of Living Foundation v.

Does 1-10*, 2011 U.S. Dist. LEXIS 129836, at *26 (N.D. Cal. Nov. 9, 2011).  Anonymity may

permit writers to communicate more openly or garner a larger audience.  *Id.* at *27.  Disclosure

of identity might invite ostracism for expressing unpopular ideas.  *Id.*

In comparison, Castro is a candidate for President of the United States and, accordingly,

should be familiar with accusations of impropriety from opponents and the public.  As noted, he

has already received criticism from others for some of his work.  He has a large platform to rebut

those allegations.  He does not identify as a veteran (Compl. ¶ 11B), so it is hard to see how the

alleged defamatory statement about his military service could have harmed him much.

Moreover, a view of the current Wikipedia article on him discloses that none of the

allegedly defamatory statements alleged in the Complaint are there.

https://en.wikipedia.org/wiki/John_Anthony_Castro.  *See In re DMCA Subpoena*, 608 F. Supp.

3d at 882 (holding that the balancing prong weighed against enforcing a DMCA subpoena to Twitter because, *inter alia*, "[i]njunctive relief is unavailable, as Twitter has already taken the photos down.").  *Cf. Burke*, 91 A.3d at 1045 (anonymous Wikipedia editor "apparently accepted the correction and did not seek to re-publish the information. This . . . demonstrates a lack of malice.").  At the same time, the current Wikipedia article details Castro's being banned from the job fair at Georgetown Law School, both as a student and an employer, because of misrepresentations on his resume.  These are assertions that the Complaint never mentions at all, much less attributes to Chetsford.

## III.    THE WIKIMEDIA SUBPOENA IS DEFECTIVE

The subpoena calls for production to Castro either by email or at a mailing address in Texas.  But "an email address does not qualify as a location or place where compliance is required under Rule 45."  *Schumacher v. Capital Advance Solutions, LLC*, 2021 U.S. Dist. LEXIS 21310, at *3 (S.D. Tex. Feb. 4, 2021) (quoting *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017)).  (Parties, of course, may agree to produce documents by email, but there is no evidence of that here.)  Moreover, if the place of compliance is Castro's mailing address in Texas, then the subpoena violates Fed. R. Civ. P. 45(c)(2)(A) because it is more than 100 miles from where Wikimedia regularly transacts business.  *Schumacher*, 2021 U.S. Dist. LEXIS 21310, at *3.

## Conclusion

For the foregoing reasons, the motion to compel should be denied.

Respectfully submitted,


*/s/ Michael E., Rosman*
Michael E. Rosman
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave. NW, Suite 625
Washington D.C. 20036
(202) 833-8400
rosman@cir-usa.org

Attorney for John Doe 1 (Chetsford)

<u>Certificate of Service</u>

The foregoing opposition memorandum was mailed to Mr. J.A. Castro by first class mail

on August 14, 2023 to the following address:

J.A. Castro
12 Park Place
Mansfield, TX 76063

<u>    /s/ Michael E. Rosman    </u>
Michael E. Rosman