IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| J.A. CASTRO | ) |
|     Plaintiffs, | ) Case No. 3:23-mc-80198-TSH |
| | ) |
| *v.* | ) |
| | ) Response to Opposition |
| JOHN DOE 1 (*a.k.a.* "CHETSFORD"), JOHN DOE 2, SAVE AMERICA PAC, MAKE AMERICA GREAT AGAIN INC., PATRIOT LEGAL DEFENSE FUND, and DONALD J. TRUMP | ) |
| | ) Date:       TBD |
| | ) Time:       TBD |
| | ) Courtroom:  TBD |
| | ) Judge:     Hon. Thomas S. Hixson |
|     Defendants. | ) |

**REPLY TO OPPOSITION**

    Plaintiff John Anthony Castro is a public figure by virtue of having filed a federal civil action against former President Donald J. Trump to have him declared constitutionally ineligible to hold public office in the United States for having violated Section 3 of the 14th Amendment by providing aid and comfort to the insurrectionists that violently attacked our United States Capitol on January 6, 2021.

    The First Amendment is critical to a thriving democracy as is anonymous speech. However, with great power comes great responsibility.

    As the United States Supreme Court explained, "The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice' — that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964).

Defendant John Doe 1, a.k.a. "Chetsford" ("Defendant Chetsford"), was hired by now-Defendant Donald J. Trump and his associated criminal enterprises to defame Plaintiff in retaliation for Plaintiff's litigation against Defendant Donald J. Trump.

Wikimedia Foundation Inc. is now placed in the awkward position of having to defend a malicious attack, perpetrated in violation of their own policies, by one of their editors under the guise of "Freedom of Speech." However, Freedom of Speech does not include the Freedom to Maliciously Defame. Nevertheless, Plaintiff respects that this Court must tread carefully since First Amendment implications are at stake. For that reason, Plaintiff will lay out his case.

## PLAINTIFF'S PRIMA FACIE DEFAMATION CLAIM

### *Texas Case Law on Defamation*

As cited in his Original Complain before the U.S. District Court for the Northern District of Texas, "[u]nder Texas law, to prevail on a defamation claim, a plaintiff must establish that: "(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages (unless the statement constitutes defamation per se)." *D Mag. Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)).

A statement is considered defamation *per se* if, on its face, it falsely charges a person with the commission of a crime. *See Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 374 (Tex. 1984).

### *Factual Background on Defamatory Statements*

Plaintiff's Original Complaint cited several of the statements made by Defendant Chetsford. Defendant's assertion that the "complaint does not bother to identify the specific

statements made by Chetsford" is patently false. The complaint addresses them. This assertion by Counsel for Wikimedia is bordering on being sanctionable under Fed. R. Civ. P. 11(b)(4) and likely hinges on Counsel for Wikimedia's belief that this Honorable Court will defer to their description of the Complaint rather than actually review it.

For the sake of thoroughness and preventing Counsel for Wikimedia from deceiving this Honorable Court, Plaintiff will identify the statements herein.

First, Defendant Chetsford claimed that Plaintiff was under federal indictment, which suggests that a United States Attorney with the United States Department of Justice formally empaneled a federal grand jury that heard evidence and voted to formally accuse and charge Plaintiff with a federal offense. Plaintiff alleges that Defendant Chetsford knew this was false or recklessly disregarded whether it was false or not. This alone satisfies the *Sullivan* "actual malice" standard. *Prima facie* claim under applicable Texas state law.

Second, Defendant Chetsford claimed that Plaintiff never served in the United States military. This accusation, viewed in a vacuum without context, seems harmless. As Counsel for Defendant Chetsford explained in a citation, many honorable men did not serve in the military. However, we are not in a vacuum. The accusation must be read in full context. Defendant Chetsford made this baseless accusation to directly rebut Plaintiff's military record. After September 11, 2001, Plaintiff chose to defend this nation by pursuing and securing a nomination to the United States Military Academy at West Point. Thereafter, Plaintiff accepted a contingent admission that he attend one extra year at the United States Military Academy Preparatory School. Plaintiff supported the invasion of Afghanistan. However, after the unlawful invasion of Iraq, Plaintiff resigned. Plaintiff received an Honorable Discharge from the United States Army. Viewed in context, Defendant Chetsford was accusing Plaintiff of lying about his military record.

Defendant Chetsford knew this was false or recklessly disregarded whether it was false or not. This too, by itself, satisfies the *Sullivan* "actual malice" standard. *Prim facie* claim.

Falsely accusing someone who is running for President of being under federal criminal indictment and lying about their military service with the knowledge that its false of reckless disregard to whether it is false or not is precisely what the United States Supreme Court specifically held is *not* protected by the First Amendment to the United States Constitution.

Third, Defendant Chetsford uploaded a fabricated document to a PDF hosting website for the sole purpose of citing to it as a primary source knowing full well as an experienced Wikipedia Editor that that was violative of their rules regarding biographies of living persons. This alone is circumstantial evidence of malicious intent. This document purported to be from the State of Florida accusing Plaintiff of the unauthorized practice of law despite the U.S. Supreme Court clearly ruling in *Sperry v. Florida* that federal practitioners, such as federal tax attorneys, are immune from regulation by state bars pursuant to the Supremacy Clause since our federal practice is permitted by federal law, which overrules state law. The fabrication of a document purporting to be on official state letterhead is a crime. Defendant did not bother to call the state or the alleged author of the document to confirm its authenticity. Defendant Chetsford knew this was false or recklessly disregarded whether it was false or not. This too, by itself, satisfies the *Sullivan* "actual malice" standard. *Prim facie* claim.

Counsel for Wikimedia Foundation Inc. insists that Plaintiff submit competent evidence. There is no evidence to rebut that Plaintiff is not under federal indictment. There is no Certificate of Non-Indictment to be issued by the U.S. Department of Justice. Nevertheless, Plaintiff submits this *Reply* that is verified pursuant to 28 U.S.C. § 1746, which serves to verify Plaintiff's own statements that Plaintiff is not under federal indictment and honorably served in the United States

military.  The fact that the complaint was verified also satisfies the competent evidence requirement.  Plaintiff has certified, under the criminal penalty of perjury, that he is not under criminal indictment and honorable served this nation.  Plaintiff has exposed himself to criminal sanctions if he is lying.  Plaintiff has done so because it is the truth.  Plaintiff has done so because someone has to have the courage to stop malicious people like Defendant Donald J. Trump and their henchmen like Defendant Chetsford.

On August 14, 2023, Plaintiff filed his First and Second Amended Verified Complaint; the second one filed on the same day fixed an error in the first.  In the Second Verified Amended Complaint, Plaintiff expressly names Donald J. Trump, Make America Great Again Inc., Save America PAC, and the Patriot Legal Defense Fund Inc. as Defendants along with John Doe 1, a.k.a. "Chetsford," and John Doe 2.

Defendant Donald J. Trump, through his various entities, engaged the paid services of Defendant Chetsford to weaponize Wikipedia to attack Plaintiff in retaliation for Plaintiff having sued Defendant Donald J. Trump to have him declared constitutionally ineligible to hold public office in the United States pursuant to Section 3 of the 14th Amendment for having given aid and comfort to the insurrectionists that violently attacked our United States Capitol on January 6, 2021.

Defendant Chetsford is a nominal party; named only because he was the hired agent of Defendant Donald J. Trump and his associated entities to malign and defame Plaintiff.

## DEFENDANT'S FALSE CLAIM OF AN IMPROPER PURPOSE

During settlement discussions, Plaintiff informed Counsel for Defendant, Benjamin Kleine, that his overall objective was to prove that Defendant Chetsford was hired by now-Defendant Donald J. Trump and his related entities to defame Plaintiff.  Counsel for Defendant, Benjamin Kleine, now introduces that as evidence to disprove the validity of Plaintiff's claim.

Fed. R. Evid. 408(a) expressly states that any "statement made during compromise negotiations about the claim" is "not admissible – on behalf of any party – either to prove or disprove the validity… of a disputed claim."  Nevertheless, that is precisely what Counsel for Defendant, Benjamin Kleine, has done.  In accordance with Fed. R. Civ. P. 11(c)(2), Plaintiff has notified Counsel for Defendant, Benjamin Kleine, that he has 21 days to withdraw that from his affidavit or face a Motion for Sanctions by Plaintiff for violating Fed. R. Civ. P. 11(b)(1).

Plaintiff requests this Court to disregard that portion of Defendant's reply.  Nevertheless, for argument's sake, Plaintiff's purpose is not improper.  It is not improper to want to bankrupt a morally bankrupt, twice impeached, four-time indicted, criminal former President and his associated criminal enterprises.  In fact, Plaintiff would argue it is a noble and proper cause that this Court should embrace.

### DEFENDANT'S CITED CASE LAW DISTINGUISHABLE

Defendant cites this Court's *Highfields* case for the proposition that "allegations and speculation are insufficient." *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975 (N.D. Cal. 2005).  But that case was about a user that expressed "his views."  They were opinions.  They were not fabricated documents.  They were not accusations that someone was lying about their past.  They were not accusations that a person was under criminal indictments.  They were statements of opinion; not fact.

### FEDERAL CASE LAW ON DOE DEFENDANTS

Based on Counsel's interpretation of the law, federal law renders the federal judiciary powerless to identify a John Doe Defendant and Plaintiff is without recourse.  The following case law analysis will establish otherwise.

This Court has recognized that if a Doe party is nominal, the Court, in determining whether it has diversity jurisdiction, may disregard a fictitious defendant and recognize only plaintiff and the named defendants as the real parties in interest in the matter. *See Scurlock v. Am. President Lines, Ltd*., 162 F. Supp. 78 (N.D. Cal. 1958).

This Court has also recognized that Doe defendants could not be baselessly claimed by a plaintiff to be residents of the same state for the purpose of destroying diversity jurisdiction in absence of proper allegation of identity, status, and citizenship of any Doe. *See Rosack v. Volvo of Am. Corp*., 421 F. Supp. 933 (N.D. Cal. 1976). In this case, Plaintiff made a proper allegation in his First Amended Verified Complaint that Defendant Chetsford is not a resident of the state of Texas. Allegations in a verified complaint are accepted as true.

The U.S. Court of Appeals for the 10th Circuit held that the potential replacement of "John Doe" defendants with defendants identified by name did not destroy the diversity of the parties for purposes of diversity jurisdiction in federal court where the plaintiff had not moved to amend the complaint to substitute non-diverse defendants in place of the unidentified defendants. *See McPhail v. Deere & Co*., 529 F.3d 947 (10th Cir. 2008).

The U.S. District Court for the District of Hawaii has held that the presence of fictitious defendants neither creates a presumption that diversity is destroyed nor requires Doe defendants to be named, abandoned, or dismissed in order for diversity-based claim to be brought in federal court under 28 U.S.C. § 1332. *See Macheras v. Ctr. Art Galleries--Hawaii, Inc*., 776 F. Supp. 1436 (D. Haw. 1991). That same court later held that subject matter jurisdiction existed over breach of contract action brought under court's diversity jurisdiction, despite "Doe" defendants; naming of "Doe" defendants did not destroy diversity jurisdiction. *See Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8, & 9*, 172 F.R.D. 411 (D. Haw. 1996).

The U.S. District Court for the District of New Mexico held that the presence of John Doe defendants does not destroy diversity jurisdiction where plaintiff alleged upon information and belief that John Doe defendants were not citizens of same states as existing parties in case, and John Doe defendants were nominal parties. *See Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kansas*, 158 F. Supp. 3d 1183 (D.N.M. 2015).

The U.S. District Court for the Southern District of Ohio held that the citizenship of John or Jane Doe defendants should be disregarded for purposes of determining diversity. *See Derungs v. Wal-Mart Stores, Inc.*, 141 F. Supp. 2d 884 (S.D. Ohio 2000).

The U.S. District Court for the Northern District of Illinois held that naming of unknown defendants, *without allegation of citizenship of such parties*, destroyed the court's diversity jurisdiction because those Does were not mere nominal parties. *See Home Sav. of Am., F.A. v. Am. Nat. Bank & Tr. Co. of Chicago*, 762 F. Supp. 240 (N.D. Ill. 1991).  In this case, Defendant Chetsford is a nominal party; more akin to a witness.  He is named only as a Defendant because he was acting as the agent of Defendant Donald J. Trump and actually did the defaming.  But this Court can reasonably presume that Defendant Chetsford does not have the millions of dollars needed to satisfy an unfavorable judgment.  Defendant Donald J. Trump and his political action committees do, however, have the means.  Even if Defendant Chetsford were not merely nominal, Plaintiff has specifically alleged in his complaint that Defendant Chetsford is conclusively not a resident of the state of Texas.

Only fictitious parties who are adequately identified are used to test federal diversity jurisdiction. *See Littlefield v. Cont'l Cas. Co*., 475 F. Supp. 887 (C.D. Cal. 1979).

The U.S. District Court for the Northern District of Texas has subject matter jurisdiction. Any assertion to the contrary is patently ridiculous.

The complaint lays out a *prima facie* case of defamation and even included rebuttals to the anticipated First Amended anti-SLAPP defenses.

The parties in this dispute, namely Plaintiff and Wikimedia Foundation Inc., agreed that the documents would be shared via email. As such, there is no defect in the subpoena. This response is verified to establish the truth of this particular assertion but also applies to all other factual assertions contained herein.

Respectfully submitted,

Dated: August 15, 2023     By:     */s/ John Anthony Castro*

John Anthony Castro
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 – 4344
J.Castro@CastroAndCo.com

Plaintiff *Pro Se*

## VERIFICATION

I, John Anthony Castro, pursuant to 28 U.S.C. § 1746, verify under penalty of perjury that all of the factual allegations in the foregoing document are true and correct.

Executed on August 15, 2023.

John Anthony Castro

**CERTIFICATE OF SERVICE**

On August 15, 2023, I electronically filed the foregoing document via the Court's CM/ECF system. It is further certified that all other parties are CM/ECF users and that service of this document will be made upon them via CM/ECF.

*/s/ John Anthony Castro*
John Anthony Castro

**STATEMENT ON TRANSFER TO TEXAS**

My understanding of the federal judiciary leads me to believe that the U.S. District Court for the Northern District of California must decide this issue. In analyzing the substance of the defamation claims, it must apply Texas state law under general conflict of laws principles. In weighing the interest of Defendant Chetsford's alleged First Amendment rights against Plaintiff's claim of actual malice in engaging in defamation, this Honorable Court should apply its own case law. Plaintiff believes that any conclusion to the contrary would delay the proceedings by giving Wikimedia Foundation Inc. and Defendant Chetsford grounds to seek mandamus relief in appellate court.

*/s/ John Anthony Castro*
John Anthony Castro
