IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| J.A. CASTRO | ) | |
| Plaintiffs, | ) | Case No. 4:23-mc-80198-TSH |
| | ) | |
| *v.* | ) | |
| | ) | Response to Opposition |
| JOHN DOE 1 (*a.k.a.* "CHETSFORD"), JOHN | ) | |
| DOE 2, SAVE AMERICA PAC, MAKE | ) | |
| AMERICA GREAT AGAIN INC., PATRIOT | ) | Date:       September 14, 2023 |
| LEGAL DEFENSE FUND, and DONALD J. | ) | Time:       10:00am PT |
| TRUMP | ) | Courtroom:  Zoom Video Conference |
| | ) | Judge:      Hon. Thomas S. Hixson |
| Defendants. | ) | |

## REPLY TO ORDER FOR ADDITIONAL BRIEFING

Fed. R. Civ. P. 26(d)(1) expressly and unambiguously exempts an action to enforce or quash a subpoena. *See* Fed. R. Civ. P. 26(a)(1)(B)(v).

Moreover, Rule 26(f)(1) recognizes the exemption and states that it is not a part of the discovery conference or discovery plan.

Plaintiff further shows that Title V of the Federal Rules of Civil Procedure governs disclosures and "discovery". An action to enforce or quash a subpoena is not considered "discovery" and the rules controlling subpoenas are not found in Title V, which contains the discovery rules. Instead, the rules governing subpoenas are found in "Title VI. TRIALS" and therein lie the rules governing subpoenas. Specifically, Rule 45 governs subpoenas. Title VI is not discovery.

Plaintiff cannot "brief" that which is express, clear, and unambiguous in the rules.  It took Plaintiff, a *pro se* litigant, only 5 minutes to read the Rule 26 to understand this. Plaintiff understands that it is his duty and obligation to show legal support for all actions in this case, but

the Federal Rules of Civil Procedure are for the Honorable Court to know and understand.  This is the equivalent of an NFL referee calling *possible* foul of which he is not certain and then asking only one side to explain the rules to him.  It is the referee that must know and understand the rules; not to ask the players to explain the rules to him.  Now, if it was a matter of *interpreting* the rules, then certainly briefing would be required.  But Rule 26, as it applies in this case, is clear, express, and unambiguous.  Thankfully, Plaintiff has two law degrees and can intelligibly respond but a non-legally educated *pro se* Plaintiff would have been railroaded because the referee raised a non-issue that could have unjustifiably resulted in dismissal thereby jeopardizing that person's constitutionally protected right to seek redress for his grievances.

Plaintiff respectfully requests this Court to request no further briefing on matters that are clear on their face in the rules.  Going forward, Plaintiff prays this Court demonstrates the willingness to read and understand the basic rules it is tasked with enforcing.  In the time it took to order the briefing, a cursory review of the rule would have revealed this action is exempt from Rule 26(d).

Respectfully submitted,

Dated: September 14, 2023.          By:      */s/ John Anthony Castro*

John Anthony Castro
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 – 4344
J.Castro@CastroAndCo.com

Plaintiff *Pro Se*

**CERTIFICATE OF SERVICE**

On September 14, 2023, I electronically filed the foregoing document via the Court's CM/ECF system.  It is further certified that all other parties are CM/ECF users and that service of this document will be made upon them via CM/ECF.

_/s/ John Anthony Castro_
John Anthony Castro