UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CASTRO,<br>         Plaintiff,<br>v.<br>JOHN DOE,<br>         Defendant. | Case No. 23-mc-80198-YGR (TSH)<br><br>**REPORT & RECOMMENDATION RE: MOTION TO COMPEL**<br><br>Re: Dkt. No. 1 |

This matter has been referred to the undersigned to prepare a report and recommendation regarding John Castro's motion to compel compliance with a subpoena issued in *J.A. Castro v. John Doe I, et al.*, Case No. 4:23-cv-613-P (the "Texas action"), a defamation case pending in the United States District Court for the Northern District of Texas. ECF No. 1. Non-party Wikimedia Foundation, Inc., which was served with the subpoena, and John Doe 1, the defendant in the Texas action who is the target of the subpoena, have both filed oppositions. ECF Nos. 3, 7. Castro filed a reply. ECF No. 11.

A party may not seek discovery from any source before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by the Federal Rules of Civil Procedure, by stipulation, or by court order. *See* Fed. R. Civ. P. 26(d)(1). A court may authorize early discovery, for example, to serve a third-party subpoena to learn the identity of a Doe defendant. *See Mary Kay Inc. v. Beyou-Cosms. storefront on www.eBay.com*, 2021 WL 2315097, at *1 (N.D. Tex. June 7, 2021); *UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. Sep. 3, 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008). Although the Federal Rules do not provide a standard for granting authorization for early discovery, the Northern

District of Texas applies a "good cause" standard. *See Mary Kay Inc.*, 2021 WL 2315097, at *1 (citing *Talon Transaction Techs., Inc. v. Stoneeagle Servs., Inc.*, 2013 WL 12172925, at *2 (N.D. Tex. May 14, 2013)).

A review of the docket in the Texas action contains no indication that the Defendants have been served, much less that there has been a meet and confer under Rule 26(f). The Texas action is not exempted from initial disclosure, the Federal Rules do not authorize this early discovery without a court order, and a review of the docket in the Texas action does not disclose any order authorizing early discovery. Further, Castro has presented no evidence that the parties entered into a stipulation for such discovery.

In light of this, the Court ordered Castro to submit additional briefing to explain why his subpoena is not barred by Rule 26(d)(1). He filed a response at ECF No. 24 that makes two arguments. First, Castro argues that the bar on early discovery in Rule 26(d)(1) is inapplicable because this proceeding to enforce his subpoena is exempted from initial disclosure by Rule 26(a)(1)(B). It's true that initial disclosures are not required in an ancillary proceeding to enforce a subpoena issued in an underlying case that is pending in another district, but initial disclosures *are* required in the underlying case in the other district, the subpoena here is an attempt to take discovery in that underlying case, and the underlying case is where the bar on early discovery "from any source" applies.

Second, Castro argues that the placement of Rule 45 in Title VI of the Federal Rules (entitled "TRIALS"), as opposed to Title V (entitled "DISCLOSURES AND DISCOVERY") means that subpoenas are not a form of discovery. However, that is wrong too. Subpoenas under Rule 45 can compel attendance at a hearing or trial, or they can be a form of discovery. Adv. Comm. Notes, 1937 Adoption ("This rule applies to subpoenas ad testificandum and duces tecum issued by the district courts for attendance at a hearing or a trial, or to take depositions). The Advisory Committee Notes repeatedly refer to subpoenas' function as a tool of discovery. *See, e.g.*, Adv. Comm. Notes, 2006 Amend. ("Rule 45 is amended to conform the provisions for subpoenas to changes in other discovery rules, largely related to discovery of electronically stored information."); Adv. Comm. Notes, 2007 Amend. ("The reference to discovery of 'books' in

2

former Rule 45(a)(1)(C) was deleted to achieve consistent expression throughout the discovery rules."). Here, the subpoena Castro served is a form of discovery, as it seeks to compel Wikimedia to produce documents or information. *See* ECF No. 1. As none of the exceptions in Rule 26(d)(1) apply, the subpoena is premature.

The undersigned therefore **RECOMMENDS** the motion to compel be **DENIED** without prejudice to Castro's seeking leave from the Northern District of Texas to conduct early discovery.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO RECOMMENDED.**

Dated: September 14, 2023

THOMAS S. HIXSON
United States Magistrate Judge

3