**KLEINE PC**
BENJAMIN H. KLEINE (SBN 257225)
95 Third Street, 2nd Floor, #9048
San Francisco, CA 94103
Telephone: 415-465-5655
ben@kleinepc.com

**COOLEY LLP**
ALEXANDER J. KASNER (310637)
(akasner@cooley.com)
1299 Pennsylvania Avenue NW
Suite 700
Washington, District of Columbia 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

RONAN A. NELSON (346553)
(rnelson@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

Attorneys for Third-Party
WIKIMEDIA FOUNDATION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| J.A. CASTRO,<br><br>Plaintiff,<br><br>-v-<br><br>JOHN DOE 1 a/k/a CHETSFORD,<br><br>Defendant. | Case No. 23-mc-80198-YGR<br><br>**WIKIMEDIA FOUNDATION, INC.'S OBJECTIONS TO REPORT AND RECOMMENDATION RE MOTION TO COMPEL** |

Third-party Wikimedia Foundation, Inc. ("Wikimedia") respectfully objects to the Report & Recommendation Re: Motion to Compel Compliance with Subpoena, ECF No. 31 (the "Report") on the following grounds:

## I. INTRODUCTION

Magistrate Judge Hixson's recommendation that the Court grant the motion to compel flies in the face of established case law and would trample on the rights of users to speak anonymously. It would thereby weaken the search for truth that Wikimedia's Wikipedia Project embodies so well and that the First Amendment protects. In reaching its conclusion, the Report brushes aside the First Amendment requirements in the most sensitive of contexts: to support a spurious defamation claim brought by a candidate for president of the United States during the presidential campaign.

The Report would grant the Subpoena without requiring the proponent, John A. Castro, to put forward ***any evidence*** whatsoever to support his defamation claim or even identification of the specific statements in question. Castro alleges that he was defamed on Wikipedia, a ***written*** online encyclopedia project. But despite the statements being in writing, Castro attaches no copy of the Wikipedia page to his Motion. Nor does he even include any quotation of the specific language he finds defamatory. Instead, he relies entirely on the allegations in his Complaint (Kleine Decl. Ex. A ("Compl.")), which also do not quote or attach the allegedly defamatory statements. This is insufficient to meet Castro's threshold requirement of showing a "real evidentiary basis" for his claim of defamation. The Court is thus left (i) without the specific statements alleged to be defamatory, (ii) without the context surrounding the statements that would inform not only the truth/falsity but also whether Chetsford could be said to have acted negligently or with actual malice in making the statements, and (iii) without the citations to source material that accompany Wikipedia articles.

In short, the Magistrate Judge's recommendation would bless the attempt of a presidential candidate to silence a Wikipedia editor's edits to a page about the candidate in the midst of a presidential campaign (a fact pattern that would set off loud anti-SLAPP sirens under Texas or California law if the lawsuit were in state court) without even requiring the candidate to attach ***or***

*even quote* the allegedly defamatory statements. Unsurprisingly, such a finding is counter to the law, and Wikipedia respectfully submits that the Court should find to the contrary and deny the Castro's motion to compel.

## II. ARGUMENT

### A. Castro Was Required to Make an Evidentiary Showing to Support His Defamation Claim.

Under established case law concerning discovery of the identity of anonymous speakers, Castro was required at a minimum to meet the standard articulated in *Highfields Capital Mgmt. L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2004), under which a plaintiff needs to adduce competent evidence—beyond allegations and suspicion—to support his claim. *See In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp.*, 337 F.R.D. 639, 649 (N.D. Cal. 2020) (applying *Highfields* test); *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876 (N.D. Cal. 2022); (applying *Highfields* test); *Music Group Macao Commer. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (applying *Highfields* test). As explained by Magistrate Judge Brazil in *Highfields*,

> It is not enough for a plaintiff simply to plead and pray. Allegation and speculation are insufficient. The standards that inform Rule 8 and Rule 12(b)(6) offer too little protection to the defendant's competing interests. Thus, the plaintiff must adduce competent evidence -- and the evidence plaintiff adduces must address all of the inferences of fact that plaintiff would need to prove in order to prevail under at least one of the causes of action plaintiff asserts. In other words, the evidence that plaintiff adduces must, if unrebutted, tend to support a finding of each fact that is essential to a given cause of action. The court may not enforce the subpoena if, under plaintiff's showing, any essential fact or finding lacks the requisite evidentiary support.

38 F. Supp. 2d at 975-76.

In fact, given that the speech in question was about a United States presidential candidate in the midst of that candidate's campaigning for president, it is likely that the more exacting standard articulated by Delaware Supreme Court in *Doe v. Cahill*, 884 A.2d 451 (Del. 2005), should apply, which would require Castro "to be able to survive a hypothetical motion for summary judgment." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1176 (9th Cir. 2011) (approving use of *Cahill* standard for cases that involve "political speech" because of the "'concern[] that

setting the standard too low will chill potential posters from exercising their First Amendment right to speak anonymously'").

### B. Castro Has Failed to Put Forward Evidence to Support His Claim.

While Magistrate Judge Hixson's Report agrees that Castro was required to "adduce . . . competent evidence addressing all the inferences of facts" for "all elements of [the] claim" and that the showing "must be sufficient to "survive a hypothetical motion for summary judgment," Report at 6-7, it does not actually address the complete lack of "competent evidence." Instead, Magistrate Judge Hixson skips the *evidence* requirement (let alone the survival of a hypothetical motion of summary judgment) and finds that Castro has "alleged" a claim for defamation, which he finds sufficient. Report at 7-8 ("He *alleges* Defendants published false statements . . . ." "Castro *alleges* that he is a military veteran." "Castro further *alleges* Defendants 'knew that the statements were false . . .") (italics added).

But Castro's allegations are not evidence[1] and they are insufficient to meet his burden to show that each element of his defamation claim is supported, let alone sufficient to withstand a hypothetical motion for summary judgment. *See, e.g.*, *Kechara House Buddhist Ass'n Malay. v. Doe*, No. 15-cv-00332-DMR, 2015 U.S. Dist. LEXIS 126124, *11-12 (N.D. Cal. Sept. 18, 2015) ("[T]he court finds that Plaintiff has not shown a 'real evidentiary basis' for its defamation claim against the Doe Defendants. It submits no evidence whatsoever to support its claims, instead relying solely on the allegations in the amended complaint."); *Smythe v. Does*, No. 15-mc-80292-LB, 2016 U.S. Dist. LEXIS 1348, *10 (N.D. Cal. Jan. 5, 2016) ("From none of this material does the plaintiff explicate a 'real evidentiary basis' for any of her claims. Her motion does little more than restate her basic allegations. This is not enough.").

---

[1] As Wikimedia pointed out in its Opposition, the Complaint that forms the basis for the motion is styled as a "Verified Complaint," but it lacks any such verification. Wikimedia Opp'n at 4; Kleine Decl. Ex. A (Complaint lacking verification). Even if it had been verified and could be considered evidence, the allegations—which consist of Castro's paraphrasing of what the Wikipedia page contained—are too vague to prove a claim for libel.

### C. Even if Castro's allegations were evidence (they are not), Castro has not established the elements of a defamation claim.

Even if Castro's allegations were evidence (they are not), they would not suffice to meet the *Highfields* standard (or, for that matter, even to meet the motion to dismiss standard).

#### 1. *Identification of allegedly defamatory statements.*

*First*, Castro's allegations are Castro's mere paraphrasing of written words published on a Wikipedia page. But other than Castro's paraphrasing, in neither his Complaint nor his Motion does Castro actually quote any of the statements in question or attach a copy of the Wikipedia page. The only allegations of defamation are in a *single* paragraph of the Complaint:

> 11. The false information including, but was not limited to, statements that Plaintiff was under federal indictment, which is verifiably false, that Plaintiff was a "sleazy" tax attorney, and that Plaintiff never served in the United States military, which is verifiably false since Plaintiff has a DD-214 with an Honorable Discharge from the United States Army and is legally classified as a Veteran despite the fact that Plaintiff does not identify as a veteran since his wartime service was while attending the United States Military Academy Preparatory School, which is now located at West Point.

Kleine Decl. Ex. A at ¶ 11. What are the specific statements Chetsford is alleged to have made? For example, did Chetsford literally write that "Plaintiff was under federal indictment" or something else? Did Chetsford support the statement (whatever it was) with a citation and, if so, what does the citation say? Similarly, what did Chetsford write about military service? Was it "Plaintiff never served in the United States military" or something slightly different? Castro never elaborates, nor does he attach a copy of the Wikipedia page. Contrary to what *Highfields* requires, Magistrate Judge Hixson would let Castro off the hook on this issue and not require "competent evidence" or a showing that could withstand a motion for summary judgment. *See also Kechara House*, 2015 U.S. Dist. LEXIS 126124 at *14-15 ("[T]he Ninth Circuit has held that where a plaintiff challenges 'conduct which is prima facie protected by the First Amendment, the danger that the mere pendency of the action will chill the exercise of First Amendment rights *requires more specific allegations than would otherwise be required*.'") (italics added) (quoting *Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Bd. of Culinary Workers*, 542 F.2d 1076, 1082-83 (9th Cir. 1976)).

### 2. *Evidence showing the statements are false.*

*Second*, Castro also does not show with competent evidence—or even allege—how the alleged statements are false. In fact, the Report appears to improperly flip the burden to Wikimedia and Chetsford, as it finds that "[Castro] alleges Defendants published false statements – that he was under federal indictment and that he never served in the United States military" and that "**Wikimedia and Chetsford have not shown these statements are true**." Report at 7 (emphasis added). But it is **Castro's burden** to show—with competent evidence—that the statements are false, not Wikimedia and Chetsford's burden to show that the statements are true.

As to the allegation that the defamation includes "that Plaintiff was under federal indictment" (putting aside entirely the issue of what the words actually written were), all Castro alleges is that the assertion "is verifiably false." (Compl. ¶ 11.) But if it is verifiably false, where is the evidence to show that it false? Castro includes none and does not even elaborate on what it might consist of. This is insufficient under *Highfields*, which requires that Castro adduce evidence that "the evidence that plaintiff adduces must, if unrebutted, tend to support a finding of each fact that is essential to a given cause of action." 38 F. Supp. 2d at 976.

As to the allegation that Chetsford's defamation included "that Plaintiff never served in the United States military," Castro alleges that this "is verifiably false since Plaintiff has a DD-214 with an Honorable Discharge from the United States Army and is legally classified as a Veteran despite the fact that Plaintiff does not identify as a veteran since his wartime service was while attending the United States Military Academy Preparatory School, which is now located at West Point." But even if any of this argument were supported by evidence (it is not), Castro's explanation raises more questions than it answers. Castro alleges he attended a military preparatory school during "wartime" and he "does not identify as a veteran." Did he serve in the military after his time at preparatory school? If not, is the statement that he "never served in the United States military" (if that was the statement on Wikipedia) actually incorrect? While Castro argues that it is false because he has a DD-214 (which he does not put in front of the court), what is the significance of that document and who can be provided with one? Does it make the statement that Castro "never

served in the United States military" (if that is the specific alleged defamatory statement) necessarily false? Castro's failure to adduce any evidence to show what statements are alleged to be defamatory and why they are allegedly false leaves all those questions unanswered.[2]

### 3. Evidence of actual malice.

*Finally*, Castro includes no evidence that Chetsford acted with "actual malice," meaning "'with knowledge that [such statements] w[ere] false or with reckless disregard of whether [they] w[ere] false or not." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964). Magistrate Judge Hixson again lets him off the hook finding that Castro has "allege[d] Defendants 'published false and defamatory statements not once, but repeatedly over a substantial period of time,' that they 'knowingly and intentionally relied on and used unreliable sources to perpetuate the defamatory statements about [him],' and 'acted with actual malice in publishing the knowingly false information.'" Report at 9.

As to the alleged "repeated" statements "over a substantial period of time," what statements were repeated over time and in what fashion? Castro alleges that the edits were to a single Wikipedia page (Compl. ¶ 10), so it is not clear where the repetitions of the statements would have been made, and Castro includes neither evidence nor allegation concerning what those statements were, how they were repeated, and over what time frame they were repeated. But even if there were multiple iterations of one of the statements, why does saying it more than once mean the speaker is acting with knowledge or reckless disregard of the falsity?

As to the allegation that Defendants "knowingly and intentionally relied on and used unreliable sources to perpetuate the defamatory statements about [Castro," again Castro includes none of these sources, nor additional evidence (or allegation) regarding why they are unreliable or false. Indeed,

---

[2] Contrary to his allegations here, in his lawsuit against Georgetown Law School concerning Georgetown's finding that Castro had made misrepresentations on his resume, Castro suggested that attendance at preparatory school was not "military service":

> In mid-September, 2001, Castro went to his local Army recruitment center ***to sign up for military service***. As with any other hopeful recruit, the recruiter administered the ASVAB test. Upon reviewing his ASVAB results, the recruiter told Castro he would be ***unwilling to accept his application***. His reasoning was that Castro had returned a perfect score on the ASVAB; this indicated to the recruiter that Castro would be ***better served to attend one of the United States prestigious military academies***, such as the United States Military Academy at West Point."

Kleine Decl. Ex. E (ECF No. 8-5) ¶ 12 (emphasis added).

Wikipedia pages are supposed to include citations to support "any material challenged or likely to be challenged, and of all quotations."[3] But rather than include the Wikipedia page in question, including any cited sources, Chetsford hides from the actual content of the page, and Magistrate Judge Hixson's Report would reward him for doing so.

Finally, the allegation that Chetsford "acted with actual malice in publishing the knowingly false information" is nothing more than a "formulaic recitation of the elements of the cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 555 (2007).

All told, there is no adduced evidence (or even a specific allegation) to support a finding of actual malice. And a finding that allows Castro to unmask Chetsford concerning important public issues (whether a presidential candidate was ever indicted and whether he served in the military) without showing either (i) what the statements were, (ii) why the statements in question were wrong, and (iii) why the citations Chetsford used were incorrect such that Chetsford acted with actual malice, would be an extraordinary ruling that would run counter to established case law and counter to the First Amendment and the public discourse-protective principles the First Amendment safeguards.

### D. Even if Castro had met his burden, the balancing of interests tips decidedly in favor of quashing the Subpoena.

Even if there were any basis to conclude that Castro has met his burden of adducing evidence to show each fact necessary to support his claim for defamation and survive a motion for summary judgment and the Court reaches the balancing prong of the *Highfields* test, the balance of interests tips sharply in favor of quashing the Subpoena.

*First*, for the reasons specified above, any conclusion that Castro has met his burden to support his claim would necessarily be a conclusion that his evidence is weak given the paucity of what he has put forward even in the form of allegations.

*Second*, the speech in question was about the past representations and conduct of a candidate for the president of the United States during the middle of a presidential campaign. As such, the speech is political speech entitled to the strongest protections under the First Amendment.

*Finally*, for this reason, the effect of granting the motion on the willingness of Wikipedia

---

[3] *See* https://en.wikipedia.org/wiki/Wikipedia:Citing_sources.

editors—unpaid individuals around the country (and world) that create and edit pages for the advancement of knowledge—would be significant. If any anonymous Wikipedia editor can be unmasked by simply filing a complaint that does not even quote or attach the defamatory statements and without a need for showing how the statements are defamatory with actual evidence, Wikipedia editors' speech will necessarily be significantly chilled. Why take the risk of editing a page even with strong citational support for the edits if someone aggrieved by the edits can discover who you are to sue you for defamation without needing to show what the statements were, why the citations that support the statement are wrong, and—in the case of public figures—that you acted with actual malice?

In short, granting the Motion in these circumstances would be extraordinarily detrimental to Wikimedia and its editors' First Amendment interests and would significantly chill speech on Wikipedia.

*  *  *

While Magistrate Judge Hixson's Report acknowledges the proper standard that Castro must meet, but then repeatedly fails to require that Castro meet that standard. For the reasons stated above and in Wikimedia's Opposition, the Court should deny the Motion.

Respectfully submitted,

Date: October 26, 2023

**KLEINE PC**
95 Third Street, 2nd Floor, #9048
San Francisco, CA 94103
Telephone: 415-465-5655
ben@kleinepc.com

By:  /s/ Benjamin H. Kleine
      Benjamin H. Kleine (SBN 257225)

**COOLEY LLP**
ALEXANDER J. KASNER (310637)
(akasner@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, District of Columbia 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

RONAN A. NELSON (346553)
(rnelson@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

Attorneys for Third-Party
WIKIMEDIA FOUNDATION, INC.