## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| J.A. CASTRO ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 4:23-mc-80198-TSH |
| JOHN DOE 1 (*a.k.a.* "CHETSFORD") and ) | |
| WIKIMEDIA FOUNDATION, INC., ) | |
| ) | |
|         Defendants. ) | |

**REPLY TO ORDER TO SHOW CAUSE**

Plaintiff reminds the Court he is *pro se*.[1] On that basis, Plaintiff is not entirely certain what the concern of the Court is and what to brief.[2] Plaintiff is unaware of any case law that makes a subpoena issued pursuant to Fed. R. Civ. P. 45 with leave from the court to conduct early discovery relevant to whether John Doe 1 (herein "Chetsford") is classified as a defendant, nominal defendant, or simply a material witness. Plaintiff objects to the vagueness of the order and moves this Court for clarity with regard to the order but still responds to the best of his ability below.

First, regardless of whether Defendant Chetsford is a substantive defendant or nominal defendant, Plaintiff is still legally required to complete service of process. Plaintiff cannot do so unless and until Defendant Chetsford's identity is revealed.

---

[1] District courts are free to apply varying standard with regard to political speech with regard to these kinds of case involving anonymous speech. *See In re Anonymous Online Speakers*, 661 F.3d 1168, 1177 (9th Cir. 2011). However, district courts cannot change the manner by which pleadings submitted by a *pro se* litigant are treated, which is that they must be liberally construed.

[2] With more specificity, Plaintiff would be able to address Your Honor's concerns, but the Order to Show Cause is vague; possibly unconstitutionally vague by failing to provide notice of the perceived issue so that Plaintiff can adequately respond and be heard. Instead, it asks a *pro se* plaintiff to brief whether a change in the legal designation of a person legally moots a subpoena for indisputably relevant information to a pending civil action in Texas but does not state the basis for the Court's concerns. For example, the Court could say "Based on this rule or particular case, which says XYZ, why does the change in legal designation of John Doe 1 not moot this issue?"

Second, Defendant Chetsford possesses discoverable information. Defendant Chetsford's identity is not only critical but absolutely necessary to the case to learn more details about the manner by which the Trump Defendants secured his services, the amount Defendant Chetsford was paid to maliciously defame Plaintiff, whether Defendant Chetsford has engaged in other such paid malicious attacks on the character and reputation of others[3] to evidence a pattern of habitual conduct,[4] whether there were other parties involved who may be civilly liable as well, and to develop the evidentiary record for trial.

Third, as Plaintiff has previously stated, Plaintiff wishes to secure Defendant Chetsford's cooperation against the Trump Defendants in the Texas case, which include Donald John Trump, Donald J. Trump for President 2024 Inc., Make America Great Again Inc., Make America Great Again PAC, and Trump Save America Joint Fundraising Committee.

Fourth, as detailed in the footnotes, a malicious and defamatory attack on an individual's biographic background, including the fabrication of documents, is not "political speech."[5] As such, although Plaintiff did lay-out a *prima facie* case for defamation that even satisfies the *New York Times v. Sullivan* standard, it was not necessary for Plaintiff to do so, and Plaintiff's voluntary decision to do so must not be viewed as a concession that the application of such a standard is a concession that this case involves "political speech." Plaintiff only sought to neutralize and

---

[3] Plaintiff asks this Court to take judicial notice of the fact that this was not political speech. This was a malicious defamatory attack on Plaintiff wholly unrelated to any political issue. A malicious defamatory attack on a political person related solely to their biographical background is not "political speech."

[4] This is also the basis for which Plaintiff requests all internet protocol addresses from which Defendant Chetsford has logged onto his Wikipedia account, which Plaintiff asks this Court to take judicial notice of. This is not an ordinary footnote. It is the intent of Plaintiff, *pro se*, that the Court take judicial notice of this.

[5] Defendant Wikimedia Foundation would have this Court believe that any speech directed toward a political opponent is "political speech," including knowing and malicious lies about that person. Malicious and defamatory attacks does not qualify as "political speech," which the U.S. Supreme Court already made clear in *New York Times v. Sullivan*. It gets no protection.

completely obliterate any and all defenses raised by Defendant Chetsford regardless of their validity.

Lastly, Fed. R. Civ. P. 8(d)(3) explicitly stated that a "party may state as many separate claims or defenses as it has, *regardless of consistency*." Plaintiff is expressly permitted by the Federal Rules of Civil Procedure to make as many inconsistent claims as needed. What is true is that there is an injury that Plaintiff is petitioning the judiciary to redress in accordance with his First Amendment rights. Plaintiff seeks the truth behind these malicious and defamatory attacks. Defendant Chetsford possesses information relevant to the pursuit of the truth, and his identity must be revealed.

Respectfully submitted,

Dated: December 1, 2023.   By:   */s/ John Anthony Castro*

John Anthony Castro
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 – 4344
J.Castro@CastroAndCo.com

Plaintiff *Pro Se*

# CERTIFICATE OF SERVICE

On December 1, 2023, I electronically filed the foregoing document via the Court's CM/ECF system. It is further certified that all other parties are CM/ECF users and that service of this document will be made upon them via CM/ECF.

*/s/ John Anthony Castro*
John Anthony Castro