**KLEINE PC**
BENJAMIN H. KLEINE (257225)
95 Third Street, 2nd Floor, #9048
San Francisco, CA 94103
Telephone: 415-465-5655
ben@kleinepc.com

**COOLEY LLP**
ALEXANDER J. KASNER (310637)
(akasner@cooley.com)
1299 Pennsylvania Avenue NW
Suite 700
Washington, District of Columbia 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

RONAN A. NELSON (346553)
(rnelson@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

Attorneys for Third-Party
WIKIMEDIA FOUNDATION, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| J.A. CASTRO,<br><br>　　　　　Plaintiff,<br><br>　-v-<br><br>JOHN DOE 1 a/k/a CHETSFORD,<br><br>　　　　　Defendant. | Case No. 23-mc-80198-YGR<br><br>**WIKIMEDIA FOUNDATION, INC.'S RESPONSE TO J.A. CASTRO'S REPLY TO ORDER TO SHOW CAUSE WHY THE COURT SHOULD GRANT THE MOTION TO COMPEL** |

Third-party Wikimedia Foundation, Inc. ("Wikimedia") respectfully responds to J.A. Castro's Reply, ECF 38 (the "Reply"), to the Order to Show Cause Why the Court Should Grant the Motion to Compel, ECF 37 (the "Order to Show Cause") as follows:

The Court should deny the motion to compel for numerous independent reasons.  <u>First</u>, as the Court rightfully notes, the Third Amended Verified Complaint in the Northern District of Texas action, ECF 36 in No. 23-cv-00613 (N.D. Tex.) (the "TAC"), explicitly states that "no relief is sought against Defendant John Doe 1"—also referred to by the Wikipedia handle, "Chetsford," TAC ¶ 11; *see also id.*, Prayer for Relief ¶ C ("No relief is or will be sought against Defendant John Doe 1.").  As such, it would appear that the TAC fails to meet the pleading requirements of Rule 8 as to John Doe 1, which requires "a demand for the relief sought" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(3) and (a)(2).

<u>Second</u>, if the Court were to reach the balancing stage under the *Highfields* test, the fact that Castro seeks no relief against Chetsford substantially tips the balance of interests further in Chetsford's and Wikimedia's favor.  While Castro argues that discovery from Chetsford should still be available to support his claims against the other defendants in the Northern District of Texas action, his argument is not persuasive.  To the contrary, the rationale for de-anonymizing Chetsford—i.e., a finding that Castro's need for discovery outweighs Chetsford's, Wikimedia's, and Wikimedia's users' First Amendment interests—are far weaker in the context of discovery to support claims *against other defendants* than, as originally briefed by the Parties, Castro were seeking discovery to pursue claims *against Chetsford*.

None of Castro's justifications for why he needs this discovery hold water.  *First*, while he argues that discovery is needed to learn "whether Defendant Chetsford has engaged in other such paid malicious attacks on the character and reputation of others to evidence a pattern of habitual conduct" Reply at 2, that evidence—even if it were otherwise admissible—is irrelevant if no claim for relief is sought against Chetsford.  It certainly does not justify overriding the First Amendment rights of Chetsford, Wikimedia, and Wikimedia's users.  *Second*, Castro argues that he needs discovery from Chetsford "to learn more about the manner by which the Trump Defendants secured his services, the amount Defendant Chetsford was paid to maliciously defame Plaintiff, . . . whether

there were other parties involved who may be civilly liable as well, and to develop the evidentiary record for trial." (Reply at 2). But there is no reason that this discovery could not be had from the Trump Defendants without trampling on the First Amendment rights of Chetsford, Wikimedia and Wikimedia's users.[1]

For these reasons, the TAC in the Northern District of Texas action only tips the balance of interests even more strongly in Wikimedia's and Chetsford's favor. *See* ECF No. 33 at 7 and ECF No. 7 at 14 (articulating how the balance of interests already tipped in Wikimedia's and Chetsford's favor).

<u>Third</u>, the new admission that Castro does not and will not seek relief against Chetsford also raises a separate reason the Court should deny the motion to compel: Castro has not demonstrated that he has sought to obtain the discovery he seeks from the Parties to the litigation before seeking to burden Wikimedia (and Chetsford) with discovery. For this reason alone—i.e., without even needing to engage with the *Highfields* test—the Court should deny the motion to compel. *See Genus Lifesciences v. Lannett Co.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (when requesting party has not shown it attempted to obtain discovery from opposing party before seeking the documents from a non-party, a subpoena places an undue burden on the non-party).[2]

<u>Finally</u>, Wikimedia reiterates its argument that the Court need not even engage in the balancing test under *Highfields* since Chetsford has not come forward with admissible evidence to support his claims. *See* ECF No. 33 and ECF No. 7. Notably, even after being given multiple

---

[1] Of course, it is also important not to lose sight of the fact that Cstro's underlying theory is incorrect and without credible basis: long before Castro filed the motion to compel, Wikimedia offered to provide Castro with an affidavit from Chetsford (which would be pseudonymized to product his identity) attesting that Chetsford was not paid to edit Castro's Wikipedia page and did not coordinate with the Trump campaign. ECF No. 8 ¶ 7. In other words, the entire litigation, including the Texas action and this action, are founded on incorrect and unsupported speculation.

[2] While Wikimedia has not previously argued burden, the previous briefing on the motion to compel was made under Castro's original N.D. Tex. Complaint, in which Chetsford was the primary defendant of the alleged defamation claim and where Wikimedia was the only party or non-party that held the IP address information sought. With Castro's admission that he only seeks discovery of Chetsford's IP address(es) to support claims against defendants other than Chetsford, his arguments for why the discovery is needed must be examined, which—as discussed herein— reveals that all of the legitimate uses would be duplicative of discovery Castro could take of the other defendants. As a result, the Subpoena would place undue burden on third-party Wikimedia. *Genus Lifesciences*, 2019 WL 7313047 at *4.

chances to put this evidence before the Court, Chetsford has failed to provide any evidence, let alone specific allegations, to support his claims.

    For each of these reasons, the Court should deny the motion to compel.

Respectfully submitted,

Date: December 21, 2023

**KLEINE PC**
95 Third Street, 2nd Floor, #9048
San Francisco, CA 94103
Telephone: 415-465-5655
ben@kleinepc.com

By:   /s/ Benjamin H. Kleine
       Benjamin H. Kleine (SBN 257225)

**COOLEY LLP**
ALEXANDER J. KASNER (310637)
(akasner@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, District of Columbia 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

RONAN A. NELSON (346553)
(rnelson@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

Attorneys for Third-Party
WIKIMEDIA FOUNDATION, INC.