Michael E. Rosman (NY Bar. No. 1972215, D.C. Bar No. 454002)
rosman@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave. NW, Suite 625
Washington D.C. 20036
(202) 833-8400

Attorney for John Doe 1 (Chetsford)

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

-------------------------------------------------------------x

J.A. CASTRO,                                    :          Case No. 4:23-mc-80198-YGR

        Plaintiff,                              :

v.                                              :

JOHN DOE 1 (a.k.a. "CHETSFORD"), JOHN           :          **REPLY TO PLAINTIFF'S**
DOE 2, JOHN DOE 3, and JOHN DOE 4,                         **RESPONSE TO THE COURT'S**
                                                :          **ORDER TO SHOW CAUSE**
        Defendants,                             :

                                                :

-------------------------------------------------------------x


**REPLY OF JOHN DOE 1 ("Chetsford") TO PLAINTIFF CASTRO'S RESPONSE (Doc.
38) TO THIS COURT'S ORDER TO SHOW CAUSE (Doc. 37)**

John Doe 1 ("Chetsford") submits this reply to Plaintiff J.A. Castro's response (Doc. 38, "Castro Resp.") to this Court's "Order To Show Cause Why The Court Should Grant The Motion To Compel" (Doc. 37, "OTSC").

1.      In granting Castro's motion to file the "Third Amended Verified Complaint" ("TAC")[1] in the Texas action, the court there "remind[ed] Plaintiff that service of summons must be complete by Wednesday, December 13, 2023" and that "[a]ny Defendant who has not been served by that date shall be dismissed from this case." *Castro v. Trump*, N.D. Tex. Case No. 4:23-cv-00613-P-BJ ("ND Texas Case"), Doc. 35. Castro did not serve Chetsford on or before December 13, and did not seek (much less obtain) an extension of time to do so before that date. Accordingly, Chetsford will be dismissed from the Texas case.[2] Accordingly, any effort to compel Wikimedia to provide information that will help identify Chetsford is moot at this time.

2.      As this Court noted in the OTSC, the Court in the Texas case denied Chetsford's motion for reconsideration of its order granting permission for early discovery as "moot." The Texas

---

[1]      Although labelled the "Third Amended Verified Complaint," the TAC is at least the sixth distinct complaint Castro has filed in that action, each of them different in identifying the defendants and who did what. *Castro v. Trump*, N.D. Tex. Case No. 4:23-cv-00613-P-BJ Doc. Nos. 1 (four anonymous defendants), 16 (four anonymous defendants listed in the caption and first paragraph, allegations against only two of them in the body of the complaint, with allegations against Donald Trump and various entities also made in the body of the complaint), 17 (two anonymous defendants, plus Trump and various entities), 28 (same; labeled third amended complaint on page 1 and second amended complaint on page 4), 30-1 (only one anonymous defendant, John Doe 1, who is, for the first time, characterized as a "nominal defendant" against whom no relief is sought, along with Trump and the same entities; labeled third amended complaint on page 2 and second amended complaint on page 5), and 31-1 and 36 (similar, but with new entities, *see* Doc. 31 at 4 ("correcting the defendants")).

[2]      Nor does it appear that Castro has served (or sought an extension of time to serve) any other defendant. He has only filed one proof of service, N.D. Tex. Case Doc. 37, and that one identified a form of "service" (certified mail) not authorized by Fed. R. Civ. P. 4.

court did not explain its reasoning, but it presumably believed that, because the TAC (N.D. Texas Case Doc. 36) purported to no longer seek *any* relief against Chetsford, no early discovery order would have any effect on Chetsford. Castro's response makes clear that this is not the case. But Castro has taken no steps to apprise the Texas court that it is continuing to pursue relief in this Court against Chetsford. On this ground alone, his motion to compel should be denied.

3.      On October 26, 2023, Chetsford moved here for a *de novo* determination of the Magistrate Judge's Report and Recommendation pursuant to Civil L.R. 72-3(a). Castro had fourteen days to respond to that motion. Civil L.R. 72-3(a) ("The motion must be made pursuant to Civil L.R. 7-2 . . ."); Civil L.R. 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion was filed."). Castro filed no opposition to Chetsford's motion. Again, this alone is sufficient reason to grant Chetsford's motion and deny Castro's motion to compel.

4.      Among the many reasons Chetsford provided in the memorandum (Doc. 34, "Chetsford Memo.") supporting his motion for *de novo* determination and to deny Castro's motion was the fact that Castro had not supplied evidence (or even made adequate allegations) to support diversity jurisdiction. At the time, the relevant pleading was the First Amended Verified Complaint, N.D. Texas Case Doc. No. 16. *See* Chetsford Memo. 5-6, 13-16. The TAC has now made this problem far worse. The TAC makes no allegations of citizenship at all against one defendant, Donald J. Trump for President, Inc. (TAC ¶ 6). With respect to three other entity defendants, the TAC states only that they are "headquartered" in states other than Texas, and are not "residents" of Texas. TAC ¶¶ 7-9. The TAC does not explain what it means for an *entity* to be a "resident" somewhere and, in any event, it does not state what kind of entities they are, other than that they are "political action committees." For diversity jurisdiction purposes, corporations are citizens of every

state in which they are incorporated (as well as their principal places of business), 28 U.S.C. § 1332(c)(1); partnerships (including limited partnerships) are citizens of every state in which any partner is a citizen; and unincorporated associations are also citizens of its component members. There are no *allegations* in the TAC from which the Texas court could support its jurisdiction, much less has Castro supplied *evidence* to support those allegations.

5.     Both Chetsford and Wikimedia emphasized that Castro has produced no competent evidence to support a prima facie case of defamation, which is the standard in this Court. Chetsford Memo. 12-13, 19-20; Doc. 33. His response to the OTSC still fails to do so.

6.     Instead, Castro claims that his motion to compel should be granted because he *needs* evidence to support his claims. He states that "Chetsford's identity is not only critical but *absolutely necessary* to the case to learn more details about the manner by which the Trump Defendants secured his services, [and] the amount Defendant Chetsford was paid to maliciously defame Plaintiff . . ." Castro Resp. 2 (emphasis added). It is plain, then, that Castro has no evidence at all to support his wild allegations; nor does he explain why he could not have obtained the information he seeks from the named defendants (had he bothered to serve them). Indeed, as Chetsford and Wikimedia have previously pointed out, he has not even supplied the statements he claims were made in a Wikipedia article about him, much less evidence that they were made with actual malice.

7.     Finally, Castro against relies on the fact that he is *pro se* and that his "pleadings . . . . must be liberally construed." Castro Resp. 1 n.1. Chetsford already has pointed out that Castro is not entitled to the usual rules for *pro se* litigants. Chetsford Memo. 7 n.6. In any event, his response to the OTSC is not a "pleading." Fed. R. Civ. P. 7.

Respectfully submitted,


_/s/ Michael E., Rosman_      
Michael E. Rosman
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave. NW, Suite 625
Washington D.C. 20036
(202) 833-8400
rosman@cir-usa.org

Attorney for John Doe 1 (Chetsford)