IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| J.A. CASTRO,<br> Plaintiff, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-613-P |
| JOHN DOE 1, ET AL.,<br> Defendants. | §<br>§<br>§ | |

## <u>FINDING, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE</u>

Before the Court are Defendant Make America Great Again, Inc. ("MAGA Inc.")'s Motion to Dismiss [doc 44], and *pro se*[1] Plaintiff John Anthony Castro ("Castro")'s Third Amended Complaint [doc. 36]. This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b).

### I. BACKGROUND

Castro filed this lawsuit on June 16, 2023 [doc. 1], alleging that Defendant President Trump and the other Defendants conspired to publish "immensely damaging and defamatory statements" on his Wikipedia page. (Plaintiff's Third Amended Complaint ("Third Am. Comp.") at 1, 3–5). Castro asserts that Defendants posted the following "verifiably false" statements on his Wikipedia page: (1) Castro is a sleazy tax attorney; (2) Castro did not serve in the military; and (3) Castro is under federal indictment. (Third Am. Comp. at 3). Castro alleges that Defendants' defamatory attack was motivated by their desire to retaliate against him for his suit against President Trump challenging "[Trump's] eligibility to hold public office in the United States for violating Section

---

[1] Castro states that he has obtained both a Juris Doctorate and a Master of Laws in Taxation from Georgetown Law. (Third Am. Comp. at 3). While it does not appear that Castro is licensed as an attorney in any state, he claims that he is a federal tax practitioner exempt from the licensing requirements and, thus, holds himself out as an "International Tax Attorney." (*Id.*)

3 of the 14th Amendment . . . when he provided aid and comfort to the insurrectionists . . . on January 6, 2021." (*Id.* at 4).

## II.  MAGA INC.'S MOTION TO DISMISS

### A.  Legal Standard

If a court lacks personal jurisdiction, it cannot adjudicate the merits of the asserted claims. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231–32 (5th Cir. 2012) (affirming district court's decision to dismiss case for lack of personal jurisdiction, without separately ruling on the defendant's pending Rule 12(b)(6) arguments). When a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of "mak[ing] a *prima facie* showing that personal jurisdiction is proper." *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 425 (N.D. Tex. 2021) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) (internal citation omitted)). The Court "must accept the plaintiff's uncontroverted allegations, and resolve in [his] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.*

Personal jurisdiction may be exercised over a defendant when a state's long-arm statute authorizes service of process, and the assertion of jurisdiction would be consistent with the requirements of due process. *Castro v. Georgetown Univ.*, No. 3:18-CV-645-M, 2018 WL 3862076, at *1–2 (N.D. Tex. Aug. 14, 2018) (citing *Pervasive Software Inc.*, 688 F.3d at 220). Because the Texas long-arm statute is coextensive with the limits of due process, the Court need only analyze whether the exercise of personal jurisdiction would violate due process. *See Purcel v. Advanced Bionics Holding Corp.*, No. 3:07-CV-1777-M, 2008 WL 4790998, at *1 (N.D. Tex. 2008). Due process requirements are satisfied if the non-resident defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional

2

notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

Two types of minimum contacts support jurisdiction over a defendant: (1) contacts that give rise to general personal jurisdiction; and (2) contacts supporting specific personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984). A court may exercise general jurisdiction over a defendant entity only if the entity's "affiliations with the State in which suit is brought are so constant and pervasive 'as to render [the defendant] at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846 (2011)); *see also New World Int'l, Inc. v. Ford Glob. Techs.*, LLC, No. 3:15-CV-01121-M, 2016 WL 1069675, at *3 (N.D. Tex. 2016). To satisfy this standard, an entity must be incorporated in the state, headquartered in the state, or have some other equivalent presence in the state. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1553 (2017). For specific jurisdiction, a plaintiff must show that: (1) the defendant purposefully directed his activities at residents in the forum; (2) the litigation results from alleged injuries that arise from or relate to the defendant's activities in the forum; and (3) the exercise of jurisdiction will comport with "fair play or substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citing *Int'l Shoe*, 326 U.S. 310). A defendant's isolated or occasional activities in the forum are insufficient to establish jurisdiction if the "nature and quality and the circumstances" of those activities establish only an attenuated affiliation with the forum. *Id.* at 475–76 n.18. The mere fortuity that a plaintiff happens to be a resident of the forum ***is not enough*** to support specific jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 870 (5th Cir. 2001) (emphasis added).

B.  **Analysis**

In its Motion to Dismiss [doc. 44], MAGA Inc. argues, *inter alia*, that Castro's claims against it should be dismissed because Plaintiff's Third Amended Complaint fails to establish that this Court has personal jurisdiction over it. (MAGA Inc.'s Motion to Dismiss ("MAGA Inc.'s Mot.") at 4–10). In his response, Castro alleges that he sufficiently pled his claim, however, he wholly fails to address MAGA Inc.'s jurisdictional arguments. (*See generally* Plaintiff's Response ("Pl.'s Resp.")). Rather, Castro begins his response by accusing MAGA Inc. of lying to the Court, insinuating that this motion is frivolous, and requesting that the Court *sua sponte* sanction MAGA Inc. (Pl.'s Resp. at 1–2). Further, Castro asserts that he expects this Court to contribute to "the root of the disillusion Americans have with the federal judiciary" as it will "likely not sanction" MAGA Inc. because this Court does not enforce ethical rules and looks at "knowingly false statements" as an "accepted legal strategy." (Pl.'s Resp. at 2). This Court takes all allegations of misconduct seriously and, despite Castro's contentions, considers lying to the Court not an accepted practice. Accordingly, before addressing the jurisdictional arguments, the Court will begin its analysis by evaluating Castro's assertion that MAGA Inc. lied and should be sanctioned.

1.  **MAGA Inc.'s Statement**

Castro states that "[i]n its opening, Defendant MAGA Inc. falsely asserts that Plaintiff fails to cite the exact statements that are allegedly defamatory," and that this is a sanctionable lie. (Pl.'s Resp. at 1–2). First, despite Castro's assertion that this statement was made in MAGA Inc.'s opening, the statement he refers to is not made until page thirteen of MAGA Inc.'s motion, and provides in its entirety: "Yet, Plaintiff has failed to cite his Wikipedia page, how it has been altered, or what statements are allegedly defamatory." (MAGA Inc.'s Mot. at 13). On the very same page, MAGA Inc. addresses the three allegedly false statements that Castro provides in his Third

Amended Complaint. (*Id.*) MAGA Inc., however, argues that the Court should disregard those statements as Castro failed to provide any factual support, such as a link to his Wikipedia page, to show that the allegations were made, much less made by MAGA Inc. (*Id.* at 14). Consequently, the Court finds that MAGA Inc. did not lie to the Court and Castro's assertion is based either on his own material misunderstanding of the legal argument presented, or his desire to impugn the character of opposing counsel. Therefore, the Court declines to *sua sponte* sanction MAGA Inc.

As discussed above, this Court takes all allegations of malfeasance seriously and, thus, allegations of misconduct should not be made lightly. While, in this case, Castro attempts to walk a unique tightrope, simultaneously making sure that the Court knows that he is a legally trained tax attorney but also claiming the protections afforded to *pro se* litigants, he is seemingly aware of the rules regarding sanctions. Presumably, Castro knows that under Rule 11 this Court has the authority to sanction a party for frivolously impugning the character of opposing counsel. While Castro's assertion, that MAGA Inc. made a knowingly false statement to the Court, could be attributed to malice, the Court prefers to chalk up such disputes to either overzealous advocacy or a misunderstanding of an opponent's position. Accordingly, just as the Court declines to *sua sponte* sanction MAGA Inc., the Court declines to *sua sponte* sanction Castro for what could be construed as an attempt to frivolously impugn the character of MAGA Inc.'s counsel.

### 2. Personal Jurisdiction

As laid out above, this Court must have personal jurisdiction over MAGA Inc. to adjudicate any claims against it. To establish personal jurisdiction, Castro bears the burden of establishing that this Court has either general or specific jurisdiction over MAGA Inc. *See, e.g., Hall*, 466 U.S. at 418. To establish general jurisdiction over MAGA Inc.—an entity—Castro must show that it is incorporated in Texas, headquartered in Texas, or has some other equivalent presence in Texas.

*Tyrrell*, 137 S. Ct. at 1553. To establish specific jurisdiction, Castro must show that: (1) MAGA Inc. purposefully directed its activities at residents in Texas; (2) the litigation results from alleged injuries that arise from or relate to the MAGA Inc.'s activities in Texas; and (3) the exercise of jurisdiction will comport with "fair play or substantial justice." *Burger King Corp.*, 471 U.S. at 472 (citing *Int'l Shoe*, 326 U.S. 310).

Castro has failed to establish that this Court has general jurisdiction over MAGA Inc. Castro's Third Amended Complaint alleges that MAGA Inc. is "headquartered in Virginia. This entity is not a resident of the [S]tate of Texas." (Third Am. Comp. at 2). Because Castro concedes that MAGA Inc. is not headquartered or incorporated in Texas, and he makes no allegations that would show "some other equivalent presence" in Texas, he has failed to establish that this Court has general jurisdiction over MAGA Inc. (*See generally* Third Am. Comp.). Thus, the issue before the Court is whether Castro has established that this Court has specific jurisdiction over MAGA Inc.

Castro does not allege that MAGA Inc. purposefully directed its activities at residents in Texas, that the litigation arises out of activities taken in Texas, nor that the exercise of jurisdiction will comport with "fair play or substantial justice." As is the case here, the Fifth Circuit has held that when a defendant's online activity "is the claimed basis for specific jurisdiction vis-à-vis an intentional tort[,] [courts] first look to the website's interactivity" to determine whether personal jurisdiction may exist. *See, e.g., Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021), cert. denied, 143 S. Ct. 485 (2022) (citing *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002)). "If the site is passive—it just posts information that people can see—jurisdiction is unavailable, full stop." *Id.* "But if the site interacts with its visitors, sending and receiving information from them, we must then apply our usual tests to determine whether the virtual

contacts that give rise to the plaintiff's suit arise from the defendant's purposeful targeting of the forum state." *Id.* While Wikipedia seemingly resides in some middle ground between passive and interactive,[2] the Court need not decide this distinction as Castro has failed to establish specific jurisdiction even under the more favorable interactive website standard.

Fifth Circuit precedent holds that for interactive websites, the plaintiff must show that the forum is a "'focal point of the story.'" *Clemens v. McNamee*, 615 F.3d 374, 379 (5th Cir. 2010) (quoting *Calder v. Jones*, 465 U.S. 783, 789 (1984)). For example, in *Revell v. Lidov*, the Fifth Circuit held that the Court lacked personal jurisdiction when a Texas litigant complained of an allegedly defamatory article that was posted on a Columbia University discussion board because "the article never mentioned Texas, never discussed [the plaintiff's] activities there, and was not aimed at Texans more than at residents of other states." *TheHuffingtonPost.com, Inc.*, 21 F.4th at 318 (citing *Revell v. Lidov,* 317 F.3d 467, 469 (5th Cir. 2002)). Here, Castro alleges that MAGA Inc. defamed him by participating in a scheme to edit his Wikipedia page to publish "verifiably false" and defamatory statements. (Third Am. Comp. at 3). Specifically, Castro alleges that Defendants published the following defamatory statements: (1) Castro "was under federal indictment;" (2) Castro is a "sleazy" tax attorney; and (3) Castro never served in the United States military. (Third Am. Comp. at 3). Besides the fact that Castro resides in Texas—which alone is insufficient—Castro does not plead that Defendants took any actions in Texas, the defamatory statements made Texas the "focal point of the story," nor can they be said to have been aimed at Texans more than residents of other states. Therefore, Castro has failed to establish that this Court has specific jurisdiction over MAGA Inc. Consequently, the Court finds that because Castro has

---

[2] Wikipedia merely provides information and does not sell goods. However, Wikipedia does allow anyone with an account to edit those informative pages.

7

failed to establish general or specific jurisdiction, he has failed to establish that this Court has personal jurisdiction over MAGA Inc. Accordingly, the Court **RECOMMENDS** that MAGA Inc.'s motion be **GRANTED** and the claims against it be **DISMISSED**.

### III. REMAINING DEFENDANTS

#### A. Failure to Timely Serve

Castro filed his Original Complaint on June 16, 2023. (ECF 1). On August 14, 2023, Castro filed an Amended Complaint [doc. 16] and a Second Amended Complaint [doc. 17]. Thereafter, on September 18, 2023, Castro filed a Motion to Extend Time to Serve Summons. (ECF 19). This Court granted that motion and extended Castro's deadline to effectuate service to December 13, 2023. (ECF 22). Subsequently, on November 8, 2023, Castro filed his Third Amended Complaint, which is the live pleading in this case. (ECF 36). While the named Defendants in this case have changed with every complaint,[3] the Defendants according to the live pleading are: (1) President Donald John Trump; (2) Donald J. Trump for President, Inc.; (3) MAGA Inc.; (4) Make America Great Again PAC ("MAGA PAC"); (5) Trump Save America Joint Fundraising Committee ("Trump Committee"); and (6) John Doe 1, a.k.a "Chetsford." (Third Am. Comp. at 2). On August 16, 2023, the Court issued summons for Defendants John Doe 1 a.k.a. "Chetsford" and President Donald John Trump. (ECF 18). Despite the Court granting Castro a significant extension of time—an additional ninety days—to effectuate service, the December 13, 2023 deadline has come and gone and Castro has failed to show the Court that

---

[3] Defendants that were listed in Castro's previous complaints but were removed in or before the Third Amended Complaint are: (1) John Doe 2; (2) John Doe 3; (3) John Doe 4; (4) Save America PAC; and (5) Patriot Legal Defense Fund. (*See* ECFs 1, 16, 17). While Patriot Legal Defense Fund is listed in the style of the Third Amended Complaint, it is not listed in the "Verified Parties" section, nor is it mentioned in the remainder of the complaint. (*See* Third Am. Comp.). If Castro intended to maintain Patriot Legal Defense Fund as a Defendant, they should be dismissed because, for the reasons stated *infra*, Castro has failed to timely serve them, and the Court lacks personal jurisdiction over them.

proper service has been made with regard to Defendants John Doe 1 a.k.a. "Chetsford" and President Donald John Trump. Accordingly, the Court **RECOMMENDS** that the claims against John Doe 1 a.k.a "Chetsford" and President Donald John Trump be **DISMISSED**.[4]

### B. Personal Jurisdiction

A district court has a duty to assure that it has jurisdiction and "commit[s] no error in raising the issue of personal jurisdiction *sua sponte*." *See, e.g., Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001). As discussed above, for a court to have personal jurisdiction over a defendant, there must be either general or specific jurisdiction over that defendant. *See, e.g., Hall*, 466 U.S. at 418. The only remaining Defendants that this Court has not recommended dismissal of are: (1) Donald J. Trump for President, Inc.; (2) MAGA PAC; and (3) Trump Joint Committee. (*See* Third Am. Comp.). Castro alleges one cause of action in his Third Amended Complaint: "Defamation Per Se." (Third Am. Comp. at 5–6). Because, as discussed *supra*, Castro's defamation allegations are insufficient to establish specific jurisdiction, the Court must determine whether Castro has established general jurisdiction over the remaining Defendants.

Castro's Third Amended Complaint states that both MAGA PAC and Trump Joint Committee are "headquartered in Virginia" and are "not resident[s] of the [S]tate of Texas." (Third Am. Comp. at 2). Donald Trump for President, Inc. is also headquartered in Virginia.[5] Because none of the remaining Defendants are headquartered or incorporated in Texas, and Castro makes no allegations that would show that they maintain "some other equivalent presence" in Texas, the

---

[4] Additionally, and in the alternative, the Court also finds that—for the reasons discussed *infra*—Castro has failed to establish that it has personal jurisdiction over John Doe 1 a.k.a "Chetsford" and President Donald John Trump.

[5] While Castro wholly fails to state the citizenship of Defendant Donald Trump for President, Inc., the Court takes judicial notice that it is headquartered in Virginia. *See* Federal Election Commission Statement of Organization, *Donald Trump for President, Inc.*, 202312119599436945.pdf (fec.gov).

Court finds that Castro has failed to establish that this Court has general jurisdiction over the remaining Defendants. Therefore, because Castro has failed to establish general or specific jurisdiction for MAGA PAC, Donald Trump for President, Inc., and Trump Joint Committee, the Court lacks personal jurisdiction over them. Accordingly, the Court **RECOMMENDS** that the claims against MAGA PAC, Donald Trump for President, Inc., and Trump Joint Committee be **DIMISSED**.

For the foregoing reasons, the undersigned **RECOMMENDS** that the claims against John Doe 1 a.k.a "Chetsford" and President Donald John Trump be **DISMISSED** for failure to effectuate service and for lack of personal jurisdicition. Furthermore, the undersigned **RECOMMENDS** that the claims against MAGA PAC, Donald Trump for President, Inc., and Trump Joint Committee be **DIMISSED** for lack of personal jurisdiction.

## IV. VEXATIOUS LITIGANT FINIDING

On June 16, 2023, Castro filed his Original Complaint [doc. 1] in the above-styled and numbered case. The instant case is the *tenth* case that Castro has filed in the last five years, and the *sixth* in the last two-and-a-half years:

| Case Number | Style | Date Filed | Date Closed |
|---|---|---|---|
| 3:18-CV-467-B | *Castro v. Campbell.* | 02/26/2018 | 04/13/2018 |
| 3:18-CV-573-N | *Castro v. Berg, et al.* | 03/12/2018 | 03/05/2019 |
| 3:18-CV-575-K | *Castro v. Gudorf, et al.* | 03/12/2018 | 03/20/2018 |
| 3:18-CV-645-M | *Castro v. Georgetown University, et al.* | 03/19/2018 | 08/14/2018 |
| 3:21-CV-885-L | *Castro v. The City of Grand Prairie, et al.* | 04/16/2021 | 10/07/21 |

| 4:22-cv-16-O | *Castro v. United States of America* | 01/07/22 | 06/06/23 |
|---|---|---|---|
| 4:22-cv-810-P | *Castro, et al. v. Internal Revenue Service* | 09/13/22 | 10/11/22 |
| 4:23-cv-556-Y | *Castro v, Trump, et al.* | 06/05/23 | *Pending* |
| 4:23-cv-613-P | *Castro v. John Doe 1, et al.* | 06/16/23 | *Pending* |
| 4:23-cv-976-Y | *Castro v. Sanders, et al.* | 09/25/23 | *Pending* |

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *Obama v. United States*, No. 3:09-CV-226-, 2010 WL 668847, at *5 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is the "power to levy sanctions in response to abusive litigation practices." *Obama*, 2010 WL 668847 at *5. Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Id.* (citing Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191-195-97 (5th Cir. 1993)). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Courts in the Fifth Circuit have adopted the Tenth Circuit's advisory that "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth," and that is proper for the court to "provide[] guidelines as to what the litigant may do to obtain its permission to file and action," provided that the "litigant received notice and an opportunity to oppose the court's order before it was implemented." *Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198 2015 WL 1088782, at *4 (E.D. Tex. Mar. 4, 2015) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (internal citation omitted)). The undersigned **FINDS and CONCLUDES** that Castro's litigation history has risen to the prevalence

and level of harassment that existed in the cases cited above where sanctions were deemed appropriate. Castro is hereby warned that sanctions may be imposed for any future abusive litigation practices. The Court also recommends that Castro be required to obtain leave of court by motion before filing suit in this district in the future.

Based on the foregoing, the Court **RECOMMENDS** that Castro be declared a vexatious litigant and that the District Court warn Castro by order that: (1) monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature; and (2) Castro must obtain leave of court by filing a motion before he is permitted to file any additional complaints in this district.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that: (1) MAGA Inc.'s Motion to Dismiss [doc. 44] be **GRANTED**; (2) the claims against John Doe 1 a.k.a "Chetsford" and President Donald John Trump be **DISMISSED** for failure to effectuate service and for lack of personal jurisdiction; (3) the claims against MAGA PAC, Donald Trump for President, Inc., and Trump Joint Committee be **DIMISSED** *sua sponte* for lack of personal jurisdiction; (4) Castro be declared a vexatious litigant; and (5) Castro be required to seek leave of court by motion before he is permitted to file any additional complaints in this district.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de

novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **January 24, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 10, 2024.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE